### No. 2,452.

IN THE MATTER OF THE PROCEEDINGS TO CHANGE THE GRADE OF BEALE STREET, IN THE CITY AND COUNTY OF SAN FRANCISCO.

ACT TO CHANGE THE STREET GRADES IN SAN FRANCISCO.—AWARD OF DAMAGES.— Under the Act of March 28, 1868 (concerning the change of street grades in San Francisco), it was the purpose of the Legislature to confine the award of damages to those who should petition for their allowance as provided by said Act.

IDEM.—The Commissioners, under the above Act, have no authority to award damages in excess of the amount claimed in the petition.

IDEM.—VALUATION.—JURISDICTION OF COUNTY COURT.—The County Court has no authority to inquire into the question of mere valuation, that being fixed by the action of the Commissioners, in conjunction with the Committee of the Board of Supervisors; no fraud being alleged, the authority of the County Court is confined to errors of jurisdiction and irregularities appearing on the face of the proceedings.

WHEN THE CHANGE OF GRADE IS ESTABLISHED.—Where the proceedings are free from fraud, and have been regularly conducted, the change of grade is absolutely fixed by the act of the Board of Supervisors in adopting the report of the Commissioners.

APPEAL from the County Court, City and County of San Francisco.

The facts are stated in the opinion.

*McCullough & Boyd,* for Appellant.

*First*—The County Court erred in overruling the objections of appellant, founded upon the ground that the Commissioners had no authority to award damages resulting from the change of grade of Beale street, to parties who failed to file their petitions claiming damages in accordance with the provisions of Section 2 of the Act to authorize the Board of Supervisors of the City and County of San Francisco, to modify and change the grade of streets in said city and county, approved March 28, 1868. (Stats. 1867–8, p. 463; *Harper* v. *Richardson*, 22 Cal. 251; *Lincoln* v. *Colusa County*, 28 *Id.* 662; *Grigsby* v. *Burtnett*, 31 *Id.* 406.)

*Second*—The County Court erred in excluding and refusing to hear the testimony offered by appellant, for the purpose of showing that the assessment and award of damages resulting from the proposed change of grade of Beale street, made by the Commissioners, were excessive and exorbitant, and in ruling that no testimony was admissible for any such purpose. (Stats. 1867–8, p. 463, Sec. 3; Stats. 1863–4, p. 347.)

*McAllisters & Bergin,* for Respondent.

The office of the petition is merely to vest the County Court with jurisdiction over the proceedings, and not to limit or exclude all others sustaining damage by reason of the proposed change from the assessment of damages. There is nothing in the statute inhibitory to the filing of such petition after the twenty days, much less anything forbidding the Court and Commissioners from assessing the damages to persons thus circumstanced. Unlike the statute involved in *Richardson* v. *Harper* (22 Cal. 251), it interposes no peremptory bar to the allowance of damages for such failure. (Smith on Statutes, Sec. 670, *et seq.*; *Himmelman* v. *Cofran*, 36 Cal. 413; *Tuohy* v. *Chase*, 30 *Id.* 526.)

The whole scope of the statute is to remedy a too limited construction given to the constitutional guarantees for the protection of private property—the soundness of which is justly questioned by Mr. Sedgwick (Stat. and Con. 524), and is essentially remedial. It should, therefore, be liberally construed. (*Cullerton* v. *Mead*, 22 Cal. 95; *White* v. *Mary Ann*, 6 *Id.* 470; Sedgwick on Statutes, 359.)

The statute does not declare that failure to petition shall debar all claim for damages, and it is evident that the equities of the supposed delinquents are none the less persuasive by reason of the omission to file their petitions in time.

To the Commissioners and the Board of Supervisors, is exclusively confided the making and confirmation of the report. They are constituted the judges of the amount of damages and benefits respectively sustained by the parties. The statute fails to furnish anyone else with the means of passing on these questions. The Court is not authorized to pass on questions involving mere values. This results from the fact that its power in the premises is not original, but revisory. It cannot enter into an independent investigation on the subject, and is not furnished with the means of instituting a revision on this point of the proceedings. The Commissioners are not required or authorized to preserve any minutes of the testimony, nor is any medium provided for presenting, in authentic form, the evidence and elements upon which the Commissioners acted in arriving at their estimates. (*C. P. R. R.* v. *Pearson*, 35 Cal. 259.)

This is the view of the subject upon analogous statutes. (*Ohio and Pennsylvania R. R.* v. *Bradford's Heirs*, 19 Penn. St. 363.)

The County Court had no power to consider the question of values, or benefits and damages. The matter was one of which the Commissioners and the Board of Supervisors alone properly had cognizance, and upon which they were most competent to pass.

This rule of the statute, doubtless, resulted from the previous decisions of this Court on the subject. (*Appeal of Piper.* 32 Cal. 530; *Dorsey* v. *Barry*, 24 *Id.* 454.)

WALLACE, J., delivered the opinion of the Court, TEMPLE, J., and SPRAGUE, J., concurring:

The first question presented upon this appeal is, whether or not the Act of March 28, 1868 (concerning the change of street grades in San Francisco), permits an award of damages to any person who shall not have filed his petition claiming such damages within twenty days after the first publication of notice of the intention of the Board. There is no doubt, at least upon authority, that the Act might have clothed the Board with the power to change the grades of the streets without awarding compensation to any property owner—such change not being a taking of private property for public use, within the meaning of the Constitution. The Legislature, however, considering that it would be unjust that one class of property holders should obtain all the benefits and another class suffer all the disadvantages supposed to be occasioned by the proposed alteration, saw fit to provide a method by which such a result would be avoided. Accordingly the Act has afforded the means by which those who are to be benefited may be compelled to, in some measure, make up the losses of those who are to be damaged by the alteration. It requires that "within twenty days after the first publication of such notice any person claiming that he or she would sustain damage by reason of such change shall file a petition with the County Clerk, addressed to the County Court, setting forth the fact of his or her ownership, the description and situation of his or her property, its market value, and the amount of damages over and above all benefits which he or she would sustain by reason of the proposed change, if completed, asking the appointment of Commissioners to assess such damages, which petition shall be verified by the oath of the petitioner or his or her agent."

We think it was the purpose of the Legislature to confine the award of damages to those who should thus petition for their allowance. It will be seen that the petition must not only set forth with great minuteness and precision as well the fact of ownership as the description and situation of

the property alleged to be injured; but it must, *upon the oath of the petitioner*, state the amount of damages resulting *after deducting all benefits* which the particular lot of land will derive from the proposed change. A sworn estimate or calculation by the petitioner himself is thus afforded as a basis upon which the Commissioners are to proceed, and are "to visit and inspect * * the premises for which damages are claimed," etc. We think that a careful examination of the various provisions of the Act will show that it was not its purpose to provide for the payment of damages to those who, not claiming them, might fairly be supposed to intentionally waive them; or who could not, upon their consciences, state that they thought themselves entitled to receive them. Upon the filing of the required petition by a party supposing himself about to be damaged, all other property owners within the designated limits, who possibly might be thereafter assessed as beneficiaries, must be considered as defendants denying the statements of the petitioner, interested, of course, in reducing the amount of damages claimed by him, and they should be afforded an opportunity to produce witnesses to disprove his allegations. But if no claim for damages be placed on file by the owner of a particular lot, the defendants are without the notice to enable them to prepare to resist it; and for much the same reason, we think that the Commissioners, in their award of damages to any petitioner should not exceed the amount claimed by him in the petition itself, since those adversely interested may fairly be supposed to have acquiesced in the correctness of the amount claimed in the petition itself.

We think that the Commissioners, in awarding damages to parties who had not filed their petitions, as required by the statute, exceeded their authority, and that the County Court should have sustained the objections of the appellant made in that behalf.

The next question for our determination arises under Section 3 of the Act, by which it is provided that "before entering up judgment the (County) Court shall fix a day for hearing parties who may feel aggrieved by any of the proceedings," etc. Under the provisions of the statute the

appellants offered to show by proof that the amount of damages awarded by the Commissioners was excessive; that in awarding damages to particular property owners, the Commissioners had not deducted benefits accrued, etc. The Court below, however, was of opinion that it had no power to review the valuation of the Commissioners, and that, no fraud being alleged, its authority was limited to an examination into questions touching the jurisdiction and regularity of the proceedings themselves, and, therefore, excluded the proof offered.

We think that it was not the intent of the statute that the County Court should, upon objection of any party, enter upon an examination of questions of mere valuation. That duty is assigned to the Commissioners and is to be made upon proof brought before them, and upon their own personal inspection of the premises concerned. When their report is filed in the office of the County Clerk, the Board of Supervisors, who, by a committee from their body, are supposed to have been aiding the Commissioners in the investigation of the facts, the examination and inspection of the premises, etc., determine by ordinance whether or not the proposed grade shall be established.

The statute provides that "if they (the Board) confirm it (the report of the Commissioners) *the grade of the street shall be changed,*" etc. Where the proceedings are free from fraud and have been regularly conducted, the change of the grade itself is absolutely fixed by the mere act of the Board in adopting the report of the Commissioners; and this imports, under Section 2, a previous adjustment of values within the meaning of the Act, without which adjustment the statute declares that the grade "shall not be altered or changed." The alteration of the grade thus effected, being itself final, we think that the "adjustment of benefits and damages" upon which that alteration was directed, must be held to be equally so, and that, in the absence of fraud, the objections to be made in the County Court must be confined to errors of jurisdiction and irregularities appearing on the face of the proceedings themselves.

We think that the statute has committed all questions

touching the mere adjustment of value to the judgment of the Commissioners themselves in the first instance, and to the Boards (whose committee act with the Commissioners) in the second instance; and that it is not the intention that the judgment of all these upon the matter of valuation should be at last set aside by that of the Judge of the County Court, unless, indeed, the supposed error of valuation should appear upon the face of the report itself; as, for instance, an error in calculation; or if it should affirmatively appear on the face of the report that an erroneous principle or method of adjusting values had been pursued by the Commissioners.

The judgment of the County Court is, therefore, reversed, and the cause remanded, with directions to render judgment, omitting the damages awarded to parties not filing petitions therefor as required by the statute, and for such further proceedings as may be necessary and not inconsistent with this opinion.

By CROCKETT, J., RHODES, C. J., concurring:

We concur in the judgment on the first ground discussed by Justice WALLACE.