[No. 3,127.]

# THOMAS F. POTTER *v.* J. P. AMES, ALEXANDER GORDON, AND JAMES BYRNES.

CONSTITUTIONALITY OF SAN MATEO ROAD LAW.—The provisions of the San Mateo County road law (Stats. 1867–8, p. 283), in reference to the notice to be given of a proposed alteration of a public road, and requiring persons claiming compensation for land to be taken to present their claims within a certain time, or be deemed as waiving all right to damages, do not violate section eight of Article I of the Constitution.

COMPENSATION FOR LAND TAKEN FOR PUBLIC USE—POWER OF LEGISLATURE TO PRESCRIBE STEPS.—It is competent for the Legislature to prescribe the several steps to be pursued in the assertion of a right to compensation for land appropriated for public use; but the prescribed procedure must not destroy or substantially impair the right itself.

ALTERATION OF ROAD IN SAN· MATEO COUNTY—"PARTICULARITY" OF NOTICE.—Where a statute for the alteration of a public road required as a preliminary, the publication of a notice stating, with particularity, the starting point, and the course and terminus of the proposed alteration, and that those claiming compensation for land to be taken should present their claims within a certain time thereafter, or be barred (Stats. 1867–8, p. 283): *held*, that a notice of an alteration to run northerly from one point to another, "over the most practicable route for a road," was insufficient.

DAMAGES FOR TAKING LAND FOR ROAD ON INSUFFICIENT NOTICE— JUDGMENT ON FINDINGS.—Where a public road in San Mateo County was altered, and the owner of land taken therefor brought suit against the township trustees for damages, *quare clausum fregit*, and it appeared on the trial, and the Court found, that the notice of the proposed alteration required by law (Stats. 1867–8, p. 283) was such that plaintiff could not ascertain therefrom the amount and character of his land which would be affected by the proceedings, and that his damages, if such notice was insufficient to authorize the alteration, amounted to five hundred dollars: *held*, that plaintiff was entitled to judgment on the findings for that amount.

APPEAL from the District Court of the Twelfth Judicial District, San Mateo County.

The notice, referred to in the opinion, was "to make the following changes in the route and location of the Half-moon Bay and Pescadero Road, to wit: Commencing at the bridge, at·the present crossing of the San Gregorio Creek, near Carter's Hotel; thence northerly over the most prac-

ticable route for a road, over and across the lands of James Quintin, W. Buckland, G. W. T. Carter, Asa Fletcher, A. Gordon, and Mrs. Thompson, to a point on the Tunitas Creek, near T. F. Potter; thence northerly along the west side of the present location of said road, over the most practicable route across the lands of T. F. Potter, Ganegan, and O'Conner; thence northerly over the most practicable route across the lands of Martin and Delany, Peter Seban, and F. Wella, intersecting the present Half-moon Bay Road, at the crossing of the Lobitas Creek."

The Court below found, among other facts:

" 3. That the damages done to said premises [of the plaintiff], by said digging and excavating, if the said proceedings gave defendants no authority to open a public road through said land, and on the line of said excavation, was and is the sum of five hundred dollars."

"14. No other description of the land through which said proposed road was to run, nor of the amount, quality, or quantity of land to be taken from any persons through whose land the same was to run, nor of the amount or character of the land affected by said proposed road, except the description thereof contained in the notice and petition, was made, until the report of said road viewers was made to said Board on the 7th of April, 1869."

"15. The plaintiff could not ascertain the amount or character of the land belonging to him, which would be affected by such proposed road, until after said survey was made."

There having been a judgment for the defendants, the plaintiff appealed.

*John Reynolds,* for Appellant.

It is found that the premises upon which the trespass was committed were owned and possessed by the plaintiff, and

that the amount of damages done to the same is five hundred dollars. If the defendants were not justified the plaintiff is entitled to judgment in his favor for this sum.

It is claimed that under the statute the plaintiff waived his claim for damages, and dedicated his land to the public, by not presenting his petition for damages on the day appointed in the notice. To this proposition there are these answers: 1. The notice was such as to render it impossible to comply with the requirements of the law. 2. The notice was not such as is required by law. 3. If the statute is to receive a liberal construction, so as to enable the public officers to effect the purposes designed by it, such liberality of construction must also extend to the claimant whose land it is proposed to take from him.

It is not competent for the Legislature to declare that a person shall be deemed to have dedicated his property to public use without any act on his part, from which it can be judicially determined that a dedication has been made. (*Beatty* v. *Kurtz*, 2 Peters, 566; *Hunter* v. *Trustees of Sand Hill*, 6 Hill, 411; *Chotard* v. *Pope*, 12 Wheat. 585; 3 Kent Com. 450.)

A law which proposes to take private property for public use must be strictly construed, and followed with exactness. (*Sherman* v. *Buick*, 32 Cal. 241.) Here the proceedings were irregular and inoperative, because the notice and petition were insufficient. They did not state with particularity the course of said road, or the proposed alterations, so as to enable the property owner to state the amount and character of the land thereby affected.

*Edward F. Head,* for Respondents.

The defendants opened the road in question, in pursuance of an order to them from the Supervisors of San Mateo County. The statute provides that, on receiving notice from the Supervisors, the Trustees shall proceed to open the

road. No discretion is left with them. The statute is man-
datory. Whenever the law imposes a duty upon a public
officer it protects him in its discharge. (*Vanderheyden* v.
*Young*, 11 Johns. 150; *Heney* v. *Lowell*, 16 Barb. 268; *Shel-
don* v. *Van Buskirk*, 2 N. Y. 473; *Hutchinson* v. *Brant*, 5 N.
Y. 208.) They are expressly protected by statute in this
State. (Hitt. Gen. Laws, 6896.)


By the Court, WALLACE, C. J.:

This is an action of trespass, *quare clausum fregit*, brought
by the plaintiff to recover damages for the digging and
injury of his land, done by the defendants, who justify as
being the Trustees of the Fifth Township, in the County of
San Mateo, in which township the premises are situate.

The defendants justify under certain proceedings insti-
tuted before the Board of Supervisors of San Mateo County,
altering, or attempting to alter, a public highway in that
county, and whereby they claim that a public road was
legally opened through the premises of the plaintiff.

The statute of 1867–8, p. 283, concerning roads and high-
ways in the County of San Mateo, provides, in substance,
that any person intending to apply to the Board of Super-
visors for the alteration of any highway shall give notice of
such intention by posting notices that, at some designated
regular meeting of the Board, to be held not less than
fifteen days thereafter, an application for that purpose will
be made, which notice must state, with particularity, the
starting point and the course and terminus of the proposed
alteration. (Section 2.)

It is further provided that any person owning lands to be
affected by the proposed alteration, and who desires to apply
for damages in consequence thereof, shall make application
by petition to the Board, on the day on which the applica-
tion shall be made, according to the notice, and that said

petition shall set forth the particular road referred to, the amount and character of the land affected thereby, and any other circumstances having relation to the subject of damages to such land, and that, failing to present such petition at the time and in the manner prescribed, he shall be considered as waiving all right to damages, and as dedicating the lands affected by the proposed alteration to the public use as a highway, etc. (Section 4.)

The right of a party whose lands are appropriated to the public use to receive compensation therefor is undoubted under the provisions of the Constitution. (Article I, Section 8.) While it is unquestionably competent to the Legislature to provide the several steps to be pursued in the assertion of his claim for compensation, the prescribed procedure must not destroy or substantially impair the right itself. A reasonable opportunity must be afforded him to claim and receive his damages; then, if being so afforded, it be not availed of, the statute may provide that such failure shall constitute a bar to his claim.

I think that the provisions of the statute under consideration, in these respects, are free from constitutional objection, and that, if the steps therein prescribed be observed, the proceedings would be valid.

The first step to be taken is to give the notice, describing, with particularity, the termini and course of the proposed alteration. "*Particularity,*" in these respects, is exacted. The reason is, that on the return day of the notice the party whose lands are to be taken must, upon pain of losing his claim, be prepared to present, and must then actually present, a petition to the Board, describing the particular road involved in the proceedings, and setting forth the amount and character of his land which will be affected by the taking, and other circumstances relating to the question of damages. He is held to particularity in time, subject matter, and circumstances. Of course, if the notice given

be itself radically insufficient—if it be merely general, and practically indefinite as to the land to be taken, the owner cannot comply with the requirement of the statute—and being unable to comply, his property is taken without just compensation, which is just the thing the Constitution forbids to be done. The notice given in initiating the proceedings under consideration would seem to be insufficient on its face. The proposed alteration in the road is to run *northerly* from one point to another; but it is also to run "*over the most practicable route for a road,*" and what route that means cannot be known to the owner until after his day to present his claim for damages has already passed by—not till the viewers shall have made their report. Then he can learn, for the first time, how much damage he is to sustain, and how much he might have claimed had he known it in time. In other words, he can then learn the extent of. the loss he has sustained.

However, even if the sufficiency of the notice of application here on its face were debatable, the Court below has expressly found that the plaintiff could not ascertain from it the amount or character of his land which would be affected by the proceedings.

Judgment reversed, and cause remanded, with directions to render judgment for the plaintiff on the findings.


RHODES, J., concurring:

I concur in the judgment.