[Crim. No. 116.   Second Appellate District.—April 10, 1909.]

In re Application of MAY THOMAS for Writ of Habeas Corpus.

VALIDITY OF MUNICIPAL ORDINANCE—PUBLIC STREET ADDRESSES PROHIBITED IN DEFINED DISTRICT—POLICE POWER.—A municipal ordinance of the city of Los Angeles which, in general terms, makes it unlawful for any person to hold, conduct or address any assemblage, meeting, or other gathering of persons in any public park of the city, or upon any public street or alley within a defined district, without imposing any restrictions of any kind with relation to meetings or addresses upon any streets or alleys outside of such district, is within the police power conferred in its charter, which, being in the same language as that of the constitution, is derived from the constitution of the state.

Id.—Police Power to Protect General Traveling Public—Freedom of Speech not Suppressed.—The police power extends to the preservation and control in a proper manner of a public park, and streets and alleys, and to the protection of the general public traveling thereon, more fully within a defined district, if there is no attempt to suppress freedom of speech or the right of the citizen to express his views on any subject, political or otherwise, upon streets outside of the district protected.

Id.—Habeas Corpus—Reasonableness of Restriction—Absence of Showing—Presumption.—Upon an application for the writ of *habeas corpus* to determine whether one violating the terms of the ordinance can be discharged, the only question to be considered relates to the reasonableness of the restriction in the particular case; but if nothing is shown in the application from which the court may determine the reasonableness or unreasonableness of the action of the municipal legislature in fixing the exterior boundaries of the defined district, and no abuse of its discretion appears, it will be presumed that it acted wisely, and fixed proper boundaries.

Id.—Character of Assemblages Prohibited Immaterial.—Assuming the police power of the city in the premises, the character or object of the assemblages prohibited is immaterial. One may not violate the law, even though, by so doing, he may be of the opinion that he is performing an act the result of which would benefit the public.

APPLICATION for writ of *habeas corpus* to the sheriff of the County of Los Angeles.

The facts are stated in the opinion of the court.

Stephen L. Sullivan, and Walter, Pratt & Ball, for Petitioner.

Guy Eddie, City Prosecuting Attorney, for Respondent.

THE COURT.—*Habeas corpus.* Petitioner prays for her discharge from custody upon the grounds that she is restrained of her liberty by reason of an arrest under a complaint charging her with a violation of Ordinance No. 17,192, enacted by the city council of Los Angeles city, her contention being, first, that the city has no power to pass such an ordinance, and, second, that the same is unreasonable.

This ordinance in general terms makes it unlawful for any person to hold, conduct or address any assemblage, meeting or other gathering of persons, or to make any public speech,

lecture or discourse, in any public park of the city, or upon any public street or alley within a defined district. No restrictions of any kind or character are sought to be imposed upon any person with relation to any of the streets or alleys outside of such district. The authority of the city of Los Angeles under its charter to make and enforce within its limits all such local, police and sanitary and other regulations as are not in conflict with general law is derived from the constitution of the state. "It is impossible to state in terms the extent or the limitation of what is known as the police power; and courts have not attempted to do it. Whether or not that power has been exceeded in particular cases must be determined as the cases arise." (*In re Flaherty*, 105 Cal. 562, [38 Pac. 981].) That such police power extends to the preservation and control, in a proper manner, of public park, streets and alleys, and the protection of the rights of the general public traveling thereon, and upon every part thereof, without unnecessary interference, cannot well be questioned. This ordinance does not attempt to suppress freedom of speech, or seek to interfere with the citizen in the right to express his views upon any subject, political, religious or otherwise, as is suggested by petitioner. It simply specifies a certain district within the city wherein no one may do the things prohibited.

The question, and the only question, for determination is as to the reasonableness of the restriction in the particular case. There is nothing shown in this application from which a court may determine the reasonableness or unreasonableness in fixing the exterior boundaries of the specified district. Primarily, it is for the legislative branch of the city government to determine, in the exercise of proper discretion, what streets and within what particular portion of the city the public welfare may demand such regulation. Where no abuse of discretion appears, it will be presumed that such legislative body acted wisely and fixed proper boundaries. Assuming the power of the city in the premises, the character or object of the assemblages prohibited are of no materiality. One may not violate the law, even though by so doing one may be of opinion that he is performing an act the result of which would be of benefit to the public.

Writ denied and prisoner remanded.