[L. A. No. 2873. Department One.—May 28, 1912.]

# FRANK D. SALA, Appellant, v. CITY OF PASADENA, Respondent.

MUNICIPAL CORPORATIONS — CHANGE OF STREET GRADE — DAMAGE TO ADJOINING PROPERTY—RIGHT TO COMPENSATION—CONSTITUTIONAL LAW.—Under section 14 of article I of the state constitution, providing that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court, for the owner," an owner of property fronting on a public street in a municipality is entitled, in the absence of waiver by or estoppel on him, to recover from the city compensation for the injury done to his property by the grading of the street to a new grade, and might prevent the doing of the grading work until the amount thereof had been ascertained and paid.

ID.—WAIVER OF CONSTITUTIONAL RIGHT TO COMPENSATION.—The property-owner may waive his right to any compensation for the damage to his property, or he may waive his right to prepayment of compensation. But where there is no such waiver, he may rest secure in the protection which the constitution affords him that his property shall not be taken or damaged without compensation first made.

ID.—LEGISLATURE MAY PROVIDE FOR METHOD OF AND TIME FOR CLAIMING COMPENSATION.—The legislature in the matter of public improvements concerning which they are authorized to legislate, may require the property-owner to assert his claim for compensation for the taking of or injury to his property before the commencement of the improvement, upon reasonable notice of the proposed taking or injury, may prescribe in what manner and within what time he shall do this, and further provide that his failure to assert a claim within the prescribed time shall operate as a waiver of all claims and constitute a bar to any subsequent action looking either to a prevention of the work or the making of compensation.

ID.—NOTICE TO PROPERTY-OWNER MAY BE CONSTRUCTIVE.—The notice in such cases need not be personal, but may be constructive, as by advertising or posting, and is sufficient if it is such as may reasonably be held to afford adequate opportunity for knowledge of the designed improvement by the property-owner who exercises reasonable care in the matter of his property.

ID.—PROVISIONS EFFECTING WAIVER OF COMPENSATION MUST BE CLEAR.—However desirable it may be that the aggregate amount of damages that must be paid to property-owners in the matter of the change of grade of a street should be known before the change of grade is made, no statute or city charter provision looking to that end should be held effectual to bar the property-owner who has not presented his claim in accord with its terms, from an assertion of

his claim for compensation for the injury actually done, in the absence of clear provision therein that such shall be the effect. In the absence of clear notice to the contrary, contained in the statutory or charter provision, he should be held to have the right to assume, in view of the constitutional provision, that he will be entitled to compensation for any injury that may be inflicted on his property.

ID.—CITY OF PASADENA—CONSTRUCTION OF CHARTER—FAILURE TO PROTEST OR PRESENT CLAIM FOR DAMAGES BEFORE COMMENCEMENT OF WORK.—Sections 2 and 3 of article 9 of the charter of the city of Pasadena, approved January 29, 1901, (Stats. 1901, p. 910), relative to the matter of change of grade of the streets of the city, although they permit an owner whose property would be damaged by the proposed change to protest against it, and to present a claim for his damages, and provides for a cessation of the work until compensation has been made the owner in the manner authorized by the charter, contains no provision making the owner's failure to present his remonstrance and claim of damages operate as a waiver of his right to receive compensation for injury to his property, and consequently such failure on the part of the owner to remonstrate and claim damages prior to the commencement of the work cannot be construed as such a waiver, or to bar his right to maintain an action for his damages after the completion of the work.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

J. H. Merriam, for Appellant.

J. P. Wood, City Attorney, and William J. Carr, Assistant City Attorney, for Respondent.

ANGELLOTTI, J.—This is an action by plaintiff against the city of Pasadena to obtain judgment for two thousand dollars in which amount he alleges that his real property fronting on Lake Avenue in said city has been damaged by the city by excavating and removing earth in said avenue along the frontage of said property. The trial court found that on July 2, 1907, the city council of defendant, in response to a petition signed by the owners of a majority of the frontage upon a portion of said avenue, duly passed and adopted an ordinance declaring its intention "to change and establish the grade" of said portion of said avenue; that said ordinance was duly published in the Pasadena *Star,* a daily newspaper pub-

lished in said city, for ten days, commencing July 3, 1907; that no objection, remonstrance, or petition or claim for damages or compensation on account of said proposed change of grade was made or filed with defendant city or any of its officers within ten or thirty days, after the first publication of said ordinance, by plaintiff, or any other owner of property, or until September 27, 1909, when a claim for two thousand dollars damages was presented by plaintiff to said city council; that on August 13, 1907, said city council duly passed and adopted an ordinance changing and re-establishing the grade of said portion of said avenue in accord with the terms of said resolution of intention; that in December, 1907, defendant regularly contracted with one Schilling to grade said portion of said avenue to such official grade as so changed and re-established; that said contractor did grade such portion of the avenue to such established grade; that this was the only interference with the earth on Lake Avenue in front of plaintiff's premises; that no objection, remonstrance, or petition against the grading of said portion of Lake Avenue to such new grade was ever made by plaintiff; that such changing and re-establishment of the grade and the grading of such portion of Lake Avenue to the grade so established damaged plaintiff's property in the sum of eight hundred dollars, and no more. Upon these facts the trial court concluded as matter of law that the grade was lawfully changed, and that plaintiff "has waived any and all his right or claim against the defendant for damages or compensation to his said property" on account of such change of grade, and gave judgment that plaintiff take nothing, and that defendant recover its costs.

This is an appeal by plaintiff from said judgment, and it is claimed that upon the facts found judgment should have gone for the plaintiff, in the sum of eight hundred dollars.

The freeholders' charter of the city of Pasadena, approved by the legislature January 29, 1901, contains certain provisions relative to the matter of change of grade of the streets of the city. Sections 2 and 3 of article 9 of the charter (Stats. 1901, p. 910), are as follows:—

"Sec. 2. Whenever the city council shall deem it expedient to alter the established grade of the whole or any part of any street, avenue, lane, alley, court, or place in said city, said council shall by ordinance declare its intention to alter such

established grade, in which ordinance must be specified the grade that is proposed to be established; and shall publish such ordinance at least ten days in a daily newspaper published and circulated in the city of Pasadena.

"Sec. 3.  Within ten days after the first publication of such ordinance, any owner of property fronting on such street, or part thereof whereon said change is proposed, may make and file with the city clerk a written remonstrance against the proposed change of grade, setting forth in detail the damage which will arise to him by reason of the proposed change of grade, and thereupon the same shall not be further proceeded with or made without compensation to such owner for any damage which may be occasioned to him by said change.  The said damage shall be ascertained, if possible, by agreement between such owner and the council, and in case such agreement cannot be reached with such owner, the amount of damage justly payable to such owner shall be determined by an action in the name of the city against him, and in case there is remonstrance from more than one, all said remonstrants may be joined as defendants in said action and all of their damages determined therein."

It is not questioned that the changing of street grades is essentially a municipal affair, and the provisions of the charter that are set forth above undoubtedly establish the procedure for changing grades of streets in the city of Pasadena.  We are of the opinion that both the answer of defendant and the findings sufficiently show to support the judgment, both that there was an established grade of Lake Avenue, and that there was a sufficient compliance with the requirements of the charter provisions in the matter of the change of such grade.

Plaintiff's claim for recovery is based on section 14 of article I of our state constitution, which provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court, for the owner."  In view of the decisions relative to this constitutional provision, it is not to be doubted that plaintiff was entitled, in the absence of waiver by or estoppel on him, to recover from the city compensation for the injury done to his property by the grading of the street to the new grade, indeed to prevent the doing of the grading work until the amount

thereof had been ascertained and paid. (See *Reardon* v. *San Francisco*, 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317]; *Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750]; *Eachus* v. *City of Los Angeles*, 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829]; *Tyler* v. *Tehama County*, 109 Cal. 618, [42 Pac. 240]; *Wilcox* v. *Engebretsen*, 160 Cal. 288, 298 et seq., [116 Pac. 750]; *Sievers* v. *Root*, 10 Cal. App. 377, [101 Pac. 925].)

The material question is then, whether plaintiff was properly held to have waived his constitutional right to damages for the injury done to his property. His rights under this provision of the constitution, as said in *Bigelow* v. *Ballerino*, 111 Cal. 559, [44 Pac. 307], were two, "1, the right to compensation; and 2, the right to have that compensation made or paid into court before his property is taken or injuriously affected." It was further said therein: "Either or both these rights he may waive; that is to say, he may waive his right to any compensation, or he may waive his right to prepayment of compensation. But where there is no such waiver, the property-owner may rest secure in the protection which the constitution affords him that his property shall not be taken or damaged without compensation first made."

It is well settled, however, that the state legislature in the matter of public improvements concerning which they are authorized to legislate, may require the property-owner to assert his claim for compensation for the taking of his property or injury thereto before the commencement of the improvement, upon reasonable notice of the proposed taking or injury, may prescribe in what manner and within what time he shall do this, and further provide that his failure to assert a claim within the prescribed time shall operate as a waiver of all claims and constitute a bar to any subsequent action looking either to a prevention of the work or the making of compensation. It is further settled that the notice in such cases need not be personal, but may be constructive, as by advertising or posting. It is sufficient that the notice provided is such as may reasonably be held to afford adequate opportunity for knowledge of the designed improvement by the property-owner who exercises reasonable care in the matter of his property. (See *Wabash R. R. Co.* v. *Defiance*, 52 Ohio St. 262, [40 N. E. 89], 167 U. S. 88, 103, [42 L. Ed. 87, 17 Sup. Ct. Rep. 748]; *Cupp*

v. *Seneca Co.*, 19 Ohio St. 173, 182, 183; *Kansas City* v. *Duncan*, 135 Mo. 571, [37 S. W. 513].) This was expressly held in *Potter* v. *Ames*, 43 Cal. 75, where a statute relating to the alteration of highways provided that notice should be given by posting, that any person owning lands to be affected by the proposed alteration and who desires to apply for damages in consequence thereof shall make application therefor to the board of supervisors at a prescribed time, and that failing to present such application at the time and in the manner prescribed, he shall be considered as waiving all right to damages, and as dedicating the lands affected by the proposed alteration to the public use as a highway. This court, after stating that the right of the property-owner to receive compensation for his property is undoubted under the provisions of the constitution, said: "While it is unquestionably competent to the legislature to provide the several steps to be pursued in the assertion of his claim for compensation, the prescribed procedure must not destroy or substantially impair the right itself. A reasonable opportunity must be afforded him to claim and receive his damages; then, if being so afforded, it be not availed of, the statute may provide that such failure should constitute a bar to his claim." The statute was held to be free from constitutional objection.

Undoubtedly, similar provision may be made in a freeholders' charter.

The question here is whether any such effect can reasonably be given to the sections of the charter of defendant city that we have heretofore quoted. These are the only provisions relied upon by learned counsel for defendant. It will be observed that there is no provision therein as to the effect of a property-owner's failure to present his remonstrance and claim of damages to the council, on his right to receive compensation for injury to his property, nothing by way of express provision to the effect that unless he does this, he shall be presumed to have waived all claim of damage or shall be barred from a recovery of any damage. He is simply given the opportunity, "within ten days after the first publication of such ordinance" to make and file his written remonstrance against the proposed change of grade, with a statement of the damage which will arise to him by reason of the proposed change. Such a remonstrance and statement he *may* make

and file and the expressed effect of such filing is that "the same shall not be further proceeded with or made without compensation to such owner for any damage which may be occasioned to him by said change." This damage is to be ascertained if possible by agreement, and if an agreement cannot be reached, by an action in the nature of eminent domain. And there the provision ends. There is not one word to indicate to the owner that his failure to make such written remonstrance and filing shall operate as a waiver of his constitutional right to compensation for any injury that may be done his property in the event that the street is subsequently graded to the proposed new grade, or that he must pursue this course in order to preserve his constitutional right to compensation for such injury as may be subsequently done to his property by the actual grading. However desirable it may be that the aggregate amount of damages that must be paid to property-owners in the matter of the change of grade of a street should be known before the change in grade is made, we are of the opinion that no statute or charter provision looking to that end should be held effectual to bar the property-owner who has not presented his claim in accord with its terms, from an assertion of his claim for compensation for the injury actually done, in the absence of clear provision therein that such shall be the effect. In the absence of clear notice to the contrary, contained in the statutory or charter provision, he should be held to have the right to assume, in view of the constitutional provision, that he will be entitled to compensation for any injury that may be inflicted on his property. In *Wabash R. R. Co.* v. *Defiance,* 52 Ohio St. 262, [40 N. E. 89], the statute expressly provided that a person failing to make his claim in the manner provided thereby "shall be deemed to have waived the same, and shall be barred from filing a claim or receiving damages." In *Cupp* v. *Seneca Co.,* 19 Ohio St. 173, there was a substantially similar provision in the statute. The same is true of *Kansas City* v. *Duncan,* 135 Mo. 571, [37 S. W. 513]. As we have seen, there was a substantially similar provision in the statute involved in *Potter* v. *Ames,* 43 Cal. 75. There is no decision of this court that can reasonably be construed as making the failure of the property-owner to assert his claim for damages in advance of the doing of the work, under such a statutory or charter provision as the one before us, a waiver

of his constitutional right to compensation for such injury as may be inflicted by the doing of the work. The distinction between the case presented in *Matter of Beale Street,* 39 Cal. 495, and this case is obvious. At the time of that decision, our constitution did not give a property-owner the right to damages for *injury* to property done by the grading of a street adjoining the same. The only right of the owner in that regard was the right given him by a statute which also provided the manner in which and the time at which he should assert his claim, and the effect of the decision practically was, as stated by counsel for appellant, "that in order to claim the benefits which were granted by the terms and conditions of that act, they must comply with the requirements and conditions imposed by the provisions of the act, before such damages could be awarded." No such question was presented in *German Savings etc. Society* v. *Ramish,* 138 Cal. 120, [69 Pac. 89, 70 Pac. 1067], and the portion of the opinion in that case relied upon by learned counsel for the city in this regard is mere *obiter dictum.* That was an action to enjoin the execution of a deed to land sold because of the non-payment of certain bonds issued for street improvements and the question was as to the validity of the proceedings resulting in the issuance of the bonds, no question of right to damage for injury to property by reason of the work or of waiver of that right being involved. It is well settled that the fact that the property-owner "may have some cause of action founded upon rights reserved by that part of the constitution which deals with the exercise of the power of eminent domain does not make the assessment void." (*Hornung* v. *McCarthy,* 126 Cal. 17, [58 Pac. 303]; *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661].) In the case last cited it was said substantially, that where the owner fails to claim any damage for a proposed change of grade, the law affording him proper opportunity to do so, he must be held to have waived "any right to object on that ground to the proceedings for the change of grade," and that while it may be that he still has a right of action against the city for any damage in fact suffered by reason of the change, a question not decided, he cannot defeat the assessment for the improvement by showing such damage. It was also said: "It is clear that the non-payment of any such damages does not affect the assessment to pay the cost of the

work of grading, graveling and curbing. The two are entirely distinct and independent."

We are satisfied that the facts found by the trial court should not be held to show a waiver by the plaintiff of his constitutional right to be reimbursed for the damage done to his property by the grading of the street, that the findings of fact were such as to require judgment in favor of plaintiff for eight hundred dollars, and that the judgment appealed from should be reversed with directions to the lower court to enter such judgment. We can see no good reason for requiring a new trial of the issue made by the pleadings as to the amount of damage done plaintiff's property, as is requested by defendant's counsel in the event of a reversal of the judgment. If, as is suggested by him, he may desire an opportunity to show that the evidence given on the trial was not sufficient to support a finding of eight hundred dollars damage, he may present such showing on an appeal from the judgment entered under our direction, on which appeal he is entitled to "a bill of exceptions containing matters directly affecting the findings of fact upon which the judgment rests." (*Klauber* v. *San Diego etc. Co.*, 98 Cal. 105, [32 Pac. 876]; *Tuffree* v. *Stearns Ranchos Co.*, 124 Cal. 306, 310, [57 Pac. 67].)

The judgment appealed from is reversed, with directions to the lower court to enter judgment upon the findings in favor of plaintiff and against defendant for the sum of eight hundred (800) dollars, and his costs of suit.

Shaw, J., and Sloss, J., concurred.