[L. A. No. 15682. In Bank.—July 29, 1936.]

AMBASSADOR HOLDING CORPORATION, LTD. (a Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Overton, Lyman & Plumb and J. Harold Cragin for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Respondent.

THOMPSON, J.—This is an appeal from a judgment in favor of defendant and respondent in an action to recover

damages resulting from a change of grade of a public street on which the property of appellant abutted.

Appellant owns certain real property on West Eighth Street, in Los Angeles, improved with an apartment house. The respondent city, by ordinance properly adopted and in accordance with the provisions of the Improvement Act of 1911 (Stats. 1911, p. 730; Deering's Gen. Laws, 1931, vol. III, Act 8199, p. 4519), ordered the improvement of 'Normandie Avenue and West Eighth Street to the grade specified in the ordinance of intention, a grade different from the theretofore existing grade, and appellant's property was damaged in a stipulated amount. The procedure provisions of the act were substantially followed. Appellant failed, in writing or otherwise, to protest or make objections to the proposed change of grade, as provided in section 3 of the act, but thereafter filed a claim for damages on account of the work done to such grade, which claim was thereafter denied by the city council because of the failure to object at the proper time and place to the change of grade. In the action that followed, and upon the stipulated facts, the trial court rendered judgment for the respondent city. Upon the appeal taken therefrom, the appellant contends that section 3 of the act is unconstitutional in that it does not provide a procedure for the presentation of claims for damages and for the ascertainment and payment thereof.

The only issue involved upon the appeal is, Did appellant waive its right to damages in having failed to comply with the requirements of section 3 of part I of the Improvement Act of 1911, by not protesting the improvement at the time and place specified in the ordinance of intention? No issue is involved as to the procedural steps taken, and it is conceded by appellant that if such provision is one to which appellant would legally be required to conform, then appellant cannot recover.

The provision of the state Constitution which is said to be violated is article I, section 14, which provides: ''Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner, . ·. . which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in. a court of record, as shall be prescribed by law; . . . ''

The pertinent part of section 3 of the Improvement Act of 1911, abbreviated for convenience, is as follows: "Before ordering any work done or improvement made which is authorized by this act, the city council shall pass a resolution of intention to do so. . . . Said resolution shall contain also a notice of the day, hour and place when and where any and all persons having any objection to the proposed work or improvement may appear before the legislative body and show cause why said proposed improvement should not be carried out in accordance with said resolution; . . .

"Any property owner whose property is to be assessed to pay the costs and expenses of the proposed improvements may at the time fixed in the resolution of intention for hearing of objections to the proposed work and improvement, appear before the city council and make objection to the proposed grade or proposed modification of grade. A failure to make objection at such time shall be deemed to be a waiver of all objection to the proposed grade or proposed change or modification of grade and shall operate as a bar to any claim for *damages* or any subsequent action looking to the prevention of the work or the recovery of *damages* on account of the performance of the work to such grade or changed grade." (Italics added.)

■ It is appellant's position that therein may not be found, directly or indirectly, the means or mode, or the power to ascertain the compensation to which appellant is entitled; that the lack thereof renders the section unconstitutional and, therefore, the failure of appellant to comply with the section does not operate to bar appellant from the right to an action for damages.

It is definitely settled in this jurisdiction that if the notice of intention of the proposed improvement be sufficient (and the sufficiency of the notice of intention is not here questioned), the legislative authority may limit the time within which, and may designate the place where objections and claims arising out of the proposed improvement must be presented, and that failure to make protest or objection at the time and place fixed in the notice of intention, works a bar to a claim thereafter for damages growing out of the improvement.

In *Sala* v. *City of Pasadena,* 162 Cal. 714, 718 [124 Pac. 539], this court said:

"It is well settled, however, that the state legislature in the matter of public improvements concerning which they are authorized to legislate, *may require the property owner to assert his claim for compensation* for the taking of his property or injury thereto before the commencement of the improvement, upon reasonable notice of the proposed taking or injury, may prescribe in what manner and within what time he shall do this, *and further provide that his failure to assert a claim* within the prescribed time shall operate as a waiver of all claims and constitute a bar to any subsequent action looking either to a prevention of the work or the making of compensation. . . . This was expressly held in *Potter* v. *Ames,* 43 Cal. 75, where a statute relating to the alteration of highways provided that notice should be given by posting, that any person owning lands to be affected by the proposed alteration and who desires to apply for damages in consequence thereof shall make application therefor to the board of supervisors at a prescribed time, and that failing to present such application at the time and in the manner prescribed, he shall be considered as waiving all right to damages, and as dedicating the lands affected by the proposed alteration to the public use as a highway. This court, after stating that the right of the property-owner to receive compensation for his property is undoubted under the provisions of the Constitution, said: 'While it is unquestionably competent to the legislature to provide the several steps to be pursued in the assertion of his claim for compensation, the prescribed procedure must not destroy or substantially impair the right itself. *A reasonable opportunity must be afforded him to claim and receive his damages;* then, if being so afforded, it be not availed of, the statute may provide that such failure should constitute a bar to his claim.' The statute was held to be free from constitutional objection." (Italics supplied.)

While the constitutional question was not involved, it was early held that a property owner whose property was being damaged by a change of grade must, under an act concerning the change of street grades in San Francisco, petition the county court, within twenty days after the first publication of the notice, for an assessment of his damages, or be foreclosed of that right. (*Matter of Beale Street,* 39 Cal. 495.) And in *Potter* v. *Ames,* 43 Cal. 75, noted in the quotation from the Sala case, it was held that inaction on the part of the

property owner amounted to a waiver of his right to compensation for land taken, notwithstanding the constitutional provision. Next, in *Bigelow* v. *Ballerino,* 111 Cal. 559 [44 Pac. 307], it is said that the property owner may "waive his right to any compensation or he may waive his right to prepayment of compensation". Again, in *German Sav. & Loan Soc.* v. *Ramish,* 138 Cal. 120 [69 Pac. 89, 70 Pac. 1067], we find:

"It may be true, as contended, that where the statute fails to provide a time of payment for damages arising from changing a grade the damages are payable at the time they accrue, i. e., when the grading is begun, but the Change of Grade Act of 1893 has provided that the compensation may be determined before the actual damage occurs, and shall be paid when the grade lines are changed; lot owners who do not then petition for compensation, as the statute provides, shall be deemed to have waived them. This was the rule under the old Constitution (*In re Beale Street,* 39 Cal. 495); and the rule is not changed, where, as now, compensation is made for property 'damaged', which could be demanded under the old Constitution when 'taken'. The property owner may waive all claim to compensation (*Bigelow* v. *Ballerino,* 111 Cal. 559 [44 Pac. 307]); and those who do not ask damages may be deemed to have intentionally waived them."

By analogy, the case of *Blake* v. *City of Eureka,* 201 Cal. 643 [258 Pac. 945], is in point, holding that grounds of protest not designated cannot thereafter be urged in a proceeding to enjoin the city from proceeding under the resolution of intention. A comparatively recent case by the District Court of Appeal (*Snoffer* v. *City of Los Angeles,* 6 Cal. App. (2d) 14 [43 Pac. (2d) 852]), explains the purpose of the questioned section in apt language as follows:

"Notice of the proposed improvement being sufficient, plaintiff's claims were barred by his failure to make objection within the time fixed in the ordinance of intention. A city in initiating a proceeding under the improvement act in question does so upon the condition expressly stated in the law, that any property owner who intends to claim damages on account of the improvement will make that fact known. If no objections are received the city has a right to proceed upon the assumption that no claims for damages can thereafter be made. The purpose of requiring objections

before any work is actually done is to enable the city to determine what damages, if any, will have to be paid by reason of the improvement. When objections are filed the city then has an opportunity to determine whether to proceed with the improvement or to abandon it. If property owners were allowed to wait until after the work was completed before they were required to make their claims known, a city might be faced with demands for such amounts as, had they been known before, would have justified the abandonment of the proposed improvement. The fact that no claims for damages can be made against the city other than those preserved by means of objections filed within the time fixed by the ordinance of intention is certainly one of the important things for the city council to know in determining whether or not to go on with the proposed work. While a city cannot damage property without compensation to the owner, it may limit the time within which and the place where claims against it may be presented. (*Sala* v. *City of Pasadena,* 162 Cal. 714, 718 [124 Pac. 539].) Upon both reason and authority it must be held that the claims of the plaintiff became barred by reason of his failure to object to the grade fixed, within the time specified in the ordinance of intention.''

We have quoted from the authorities at some length in order to demonstrate that the rule is well settled in this state, at least. If there were any doubt upon the subject, it would be answered, we think, by the fact that part II of the Improvement Act, which deals particularly with the procedure for change of grade, makes those provisions of part I (wherein section 3 is found) which are not inconsistent, applicable to part II. And, in part II, we find a complete plan of procedure for the collection of damages resulting from a change of grade. The legislative intent is manifest to the effect that these parts of the act shall be read together, as though they were all sections of one act, which, in fact, they are. In other words, because part I makes possible a combination of improvements in one proceeding, it does not follow that other sections and parts of the act are inapplicable when pertinent. When so read and construed, it is apparent that a procedure is available to the property owner for assessing his damage, provided, of course, that he has taken the necessary first step of protesting the proceeding upon the ground

110

that the property will be damaged, as is required by section 3 of the act.

With respect to the contention of appellant that "If the filing of an objection under section 3 of the Improvement Act of 1911 is equivalent to and constitutes the filing of a claim for damages, then said section is in conflict with sections 363 and 376 of the City Charter of the City of Los Angeles providing for the filing of claims for damages, and said provision of the act being in conflict with the charter provision, the charter provision shall govern," it is sufficient to point out that the purpose to be served by the protest is essentially different from that served by the notice under the charter provision. (*Snoffer* v. *City of Los Angeles, supra.*)

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.