[Sac. No. 664.  In Bank.—December 1, 1899.]

LEWIS BERGEVIN, Respondent, v. H. W. CURTZ, Appellant.

ELECTION—ELIGIBILITY OF SUPERVISOR—"ELECTOR"—CHANGE OF RESI-
DENCE—REGISTRATION.—A person elected supervisor in a district to
which he had changed his residence from another district more
than one year prior to the election, and who, during that period
and at the time of the election, was an "elector" of that dis-
trict, as defined in section 1 of article II of the constitution,
was eligible for the office in that district, under section 15 of
the County Government Act of April 1, 1897, notwithstanding
he did not change his registration from the precinct of his
former residence until a little more than thirty days prior to
the election.

ID.—REGISTRATION NOT A QUALIFICATION OF AN ELECTOR.—Registration is
not a "qualification" of an elector, and cannot add to the quali-
fications fixed by the constitution; but it is to be regarded as
a reasonable regulation by the legislature for the purpose of
ascertaining who are qualified electors. and of having their
names enrolled upon an authentic list, in order to prevent ille-
gal voting.

ID.—ELIGIBILITY NOT INCLUSIVE OF REGISTRATION.—An elector may be
eligible to the office for which he was elected, though his name
may not be upon the great register, and though for that reason
he could not have voted at the election.

ID.—"ELECTOR" AND "VOTER"—DISTINCTION AS TO QUALIFICATIONS.—The
constitutional qualifications of an elector are not the same
thing as the legal qualifications of a voter.  The voter is the
elector who votes; and an elector may not be legally qualified
to vote.

ID.—CONSTRUCTION OF CODE—"QUALIFIED ELECTOR"—"REGISTRATION."—
Section 1083 of the Political Code, assuming to define who
"shall be a qualified elector," which adds to the constitutional
qualifications that of enrollment upon the great register of the
county fifteen days prior to the election, must be construed
to use the words "qualified elector" in the sense of an elector
who has the right to vote.

APPEAL from a judgment of the Superior Court of Alpine
County.  N. D. Arnot, Judge.

The facts are stated in the opinion.

Woods & Levinsky, and P. N. Packard, for Appellant.

W. M. Thornburg, and Bruner & Brothers, for Respondent.

COOPER, C.—Appellant was duly elected to the office of supervisor of supervisor district No. 1 of Alpine county at the November election, 1898. This is a proceeding by respondent, as an elector, contesting the right of appellant to hold said office solely on the ground that at the time of the election he was not eligible thereto. The court below rendered judgment against appellant, declaring that at the time of said election he was ineligible to said office, and by its decree annulled and set aside the election. The defendant has appealed from the judgment, and the case is brought here on the judgment-roll. It appears from the findings that appellant is a natural born citizen of the United States, twenty-seven years of age, that he has resided in the state of California all his life, in the county of Alpine ever since June, 1894, and in precinct No. 1 in supervisor district No. 1 since the first day of July, 1897. That appellant's name appears upon the great register of said county June 21, 1894, in precinct No. 2 in supervisor district No. 2, but that he removed from said last-named precinct and district into precinct and district No. 1 about July 1, 1897. That appellant's name remained upon said great register in precinct 2 and supervisor district 2 of said county until the third day of October, 1898, when at his request it was canceled upon the said precinct register No. 2, and placed upon the precinct register of precinct No. 1 in said supervisor district No. 1. That on the eighth day of November, 1898, the appellant was a duly registered voter in said precinct No. 1 in supervisor district No. 1, but had only been such since the third day of October, 1898, and was not a registered voter in said supervisor district No. 1 for one year next preceding the day of election. The court below, as a conclusion of law from the said findings, adjudged that appellant had not been an elector of district No. 1 for one year immediately preceding his election, and was therefore not eligible to the office at the time he was elected. This is the sole question to be determined in the case. It is provided in section 15 of the County Government Act of April 1, 1897 (Stats. 1897, p. 455), that: "Each member of the board of supervisors must be an elector of the district which he represents, must reside therein during his incumbency, and must have been such elector for at least one year immediately preceding his election."

In order to find the meaning and definition of elector we must look to the constitution of the state. An elector is a person possessing the qualifications fixed by the constitution. (*O'Flaherty v. Bridgeport*, 64 Conn. 161.)

It is provided in the constitution, article II, section 1, that every male citizen of the United States "who shall have been resident of the state one year next preceding the election, and of the county in which he claims his vote ninety days, and in the election precinct thirty days, shall be entitled to vote at all elections which are now or may hereafter be authorized by law." The findings of the court show that appellant was an elector of the district for which he was elected for more' than one year immediately preceding the November election. He had been a resident of the state, county, and precinct for more than one year immediately preceding the election. He possessed all the qualifications of an elector as prescribed by the constitution, and, unless we should hold that he must have possessed some qualification other than that laid down by said instrument, he was at the time of his election eligible to the office. We do not think the legislature, even if it attempted to do so, could add any essential to the constitutional definition of an elector. It is settled by the great weight of authority that the legislature has the power to enact reasonable provisions for the purpose of requiring persons who are electors and who desire to vote to show that they have the necessary qualifications, as by requiring registration, or requiring an affidavit or oath as to qualifications, as a condition precedent to the right of such electors to exercise the privilege of voting. Such provisions do not add to the qualifications required of electors, nor abridge the right of voting, but are only reasonable regulations for the purpose of ascertaining who are qualified electors, and to prevent persons who are not such electors from voting. These regulations must be reasonable and must not conflict with the requirements of the constitution. The legislature has required that all electors, as a condition of the right to vote, shall have their names properly and in due season entered upon the great register of the county. (Pol. Code, sec. 1094.) The section provides that in the register shall be entered the names of the qualified electors of the county, and "that any elector who has registered and thereafter

moved his residence to another precinct in the same county thirty days before an election may have his registration transferred to such other precinct upon his application." The legislature has made no attempt to change or add to the qualifications of an elector, but has simply provided a means whereby the elector who is entitled to vote may be known by having his name enrolled upon an authentic list. It was said by the court in *Webster v. Byrnes*, 34 Cal. 276, in discussing the right of a party to vote in a case where his vote was challenged: "The question here is, Is he a qualified elector of the precinct at which he voted, and was his name at the time upon the great register and poll list?" In the case of *Welch v. Williams*, 96 Cal. 367, it was said by the chief justice, speaking for the court in Bank: "The object of the registration law is to prevent illegal voting by providing, in advance of election, an authentic list of the qualified electors."

In the case of *Sanford v. Prentice*, 28 Wis. 362, it is said: "There is a difference between an elector or person legally qualified to vote and a voter. In common parlance, they may be used indiscriminately, but, strictly speaking, they are not the same. The voter is the elector who votes—the elector in the exercise of his franchise or privilege of voting—and not he who does not vote."

In this case the appellant would have been eligible to the office of supervisor of the district for which he was elected if his name had not been on the great register. He could not have voted at the election, and thus would have been deprived of voting for himself if he so desired, but having the constitutional qualifications he was eligible to the office. The court below evidently was of the opinion that one must have his name enrolled upon the great register before he could be an elector, and this because of the reading of section 1083 of the Political Code. That section, after enumerating the constitutional qualifications of a voter, adds, "and whose name shall be enrolled on the great register of such county fifteen days prior to an election shall be a qualified elector," etc. The words "qualified elector" are used in the sense of elector who has the right to vote. It appears plain that the legislature recognized the fact that there might be electors who were not so qualified. The County Gov-

ernment Act does not provide, as a condition of eligibility to the office of supervisor, that the candidate must have been a qualified elector of the district which he represents for at least one year.

We advise that the judgment be reversed and the cause remanded to the lower court, with directions to render judgment on the findings in favor of appellant.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded to the lower court, with directions to render judgment on the findings in favor of appellant.

Beatty, C. J., Van Dyke, J., McFarland, J., Henshaw, J.