[L. A. No. 16484. In Bank.—April 29, 1940.]

CHARLES D. CHESNEY, Respondent, v. H. L. BYRAM, County Tax Collector, etc., Appellant.

Everett W. Mattoon, County Counsel, J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellant.

Holbrook & Tarr and W. Sumner Holbrook, Jr., for Respondent.

Bernard C. Brennan, as *Amici Curiae,* on Behalf of Respondent.

CARTER, J.—This is an appeal from a judgment of the Superior Court of Los Angeles County granting a writ of mandate against appellant, H. L. Byram, tax collector of the county of Los Angeles, compelling him to receive the sum of $21.84 as the full amount of taxes due on the real property of respondent for the fiscal year 1936–37, in lieu of taxes in the sum of $67 levied upon and extended against said property on the assessment roll of said county for said year.

Respondent's property was assessed by the Los Angeles County assessor for the fiscal year 1936–37 at the value of $1350. He claims an exemption in the amount of $1,000, by reason of his being a veteran within the meaning of section 1¼ of article XIII of the Constitution of California. He tendered payment to the appellant of taxes based upon the valuation of $350, which tender was refused. Respondent then secured a writ of mandate compelling appellant to accept the amount tendered and to issue a receipt in full for respondent's taxes.

The provision of the Constitution above referred to reads as follows:

"The property to the amount of one thousand dollars of every resident of this state who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom, . . . shall be exempt from taxation; provided, this exemption shall not apply to any person named herein owning property of the value of five thousand dollars or more, or where the wife of such soldier or sailor owns property of the value of five thousand dollars or more. No exemption shall be made under the provisions of this act of the property of a person who is not a legal resident of the state."

Section 3612 of the Political Code provides that every person entitled to such exemption from taxation shall give to the assessor under oath all information required upon forms prescribed by the State Board of Equalization and fail-

ure of any person entitled to such exemption so to do shall be deemed as a waiver of such exemption.

The allegations of the petition for a writ of mandate bring respondent within the constitutional provision for exemption, to wit: that he is and was during the fiscal year 1936–37, a resident of California, that he served in the marine corps of the United States during the world war and received an honorable discharge therefrom, that he is married, that neither he nor his wife nor the two together owned property greater than $5,000 in value, and that in 1936 he furnished a copy of his honorable discharge to the county assessor. Respondent further alleged that at no time did he file an application for exemption or any affidavit as required by section 3612 of the Political Code.

The appellant, tax collector of the county of Los Angeles, contends that the failure of respondent herein to make the exemption claim required by Political Code section 3612 constituted a waiver of said exemption. The respondent, however, maintains his right thereto, claiming that the provision in said section, that a veteran having failed to make proof of his constitutional right to exemption prior to completion of the assessment roll ''waives'' such exemption, is unconstitutional and void, as being an invalid statutory ''limitation'' on such constitutional right.

The sole question then before this court is whether the waiver provision of section 3612 of the Political Code is an invalid infringement upon a constitutional right, or is a valid legislative provision regulating the exercise or assertion thereof.

Respondent contends that section $1\frac{1}{4}$ of article XIII of the Constitution is self-executing and that section 3612 of the Political Code is an attempt to limit the constitutional right to exemption from taxation granted to veterans under said provision of the Constitution. It has been held that:

''A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced.'' (Cooley's Constitutional Limitations, 7th ed., p. 121; *Winchester* v. *Howard,* 136 Cal. 432, 439 [64 Pac. 692, 69 Pac. 77, 89 Am. St. Rep. 153]; *People* v. *Hoge,* 55 Cal. 612.)

█ We are disposed to hold that the constitutional provision above-mentioned is self-executing; that is, that it required no legislative enactment to put it into effect. If the legislature had failed to make any provision for a veteran to avail himself of the tax exemption provided for in said provision of the Constitution, we are of the opinion that the veteran would nevertheless be entitled to the exemption provided for. How such exemption could be obtained, would be a matter first for the determination of the assessors of the respective political subdivisions, and in case of their failure to recognize the right granted to the veteran, their action would be subject to review by the courts. █ However, it does not follow from the determination that the above-mentioned constitutional provision is self-executing, that the legislature did not have the power to enact legislation providing reasonable regulation for the exercise of the right to the exemption granted by the Constitution, and if section 3612 of the Political Code constitutes such reasonable regulation and not an invalid limitation of the right thereby granted, the power of the legislature to enact said section should be upheld. (*Chester* v. *Hall,* 55 Cal. App. 611 [204 Pac. 237]; *First M. E. Church* v. *Los Angeles County,* 204 Cal. 201 [267 Pac. 703].)

In the case of *Chester* v. *Hall, supra,* the court held that the requirement of section 1083a of the Political Code that the signer of a petition for a county charter election shall affix thereto the date of such signing is not void as making an additional requirement to the self-executing character of section 7½ of article XI of the Constitution, since it in no manner prevents any person from signing but merely facilitates the operation of the constitutional provision and places a safeguard around the exercise of the rights thereby secured.

In that case the court said:

"It is clear that the constitutional provision in question is self-executing, but it does not follow that legislation may not be enacted to facilitate its operation and place safeguards around the exercise of the rights thereby secured so long as the right itself is not curtailed or its exercise unreasonably burdened. 'Legislation may be desirable, by way of providing convenient remedies for the protection of the right secured, or of regulating the claim of the right so that its

exact limits may be known and understood; but all such legislation must be subordinate to the constitutional provision, and in furtherance of its purpose, and must not in any particular attempt to narrow or embarrass it.' Cooley's Constitutional Limitations, 7th ed., p. 122. See, also, *Welch* v. *Williams,* 96 Cal. 365 [31 Pac. 222]; *State* v. *Hooker,* 22 Okl. 712 [98 Pac. 964]; *City of Pond Creek* v. *Haskell,* 21 Okl. 711 [97 Pac. 338]; *Stevens* v. *Benson,* 50 Or. 269 [91 Pac. 577]; *State* v. *Superior Court,* 81 Wash. 623 [Ann. Cas. 1916B, 838, 143 Pac. 461].) The requirement of section 1083a of the Political Code that the signer of a petition shall 'affix thereto the date of such signing' in no manner prevents any person from signing or places an undue burden on the exercise of the right. The Constitution prescribed the qualifications of electors and provides that all persons having such qualifications 'shall be entitled to vote at all elections'. The Constitution makes no provision for the registration of electors, yet registration laws have always been upheld as reasonable regulations by the legislature for the purpose of ascertaining who are qualified electors and preventing illegal voting.''

In the case of *First M. E. Church* v. *Los Angeles County, supra,* this court while declining to pass upon the question of whether or not section 1½ of article XIII of the Constitution of California is self-executing, made this comment with respect to legislation enacted for the purpose of facilitating the operation of a self-executing provision of the Constitution:

''It may be assumed as argued by respondent, that even though a constitutional provision is self-executing, the legislature may, and in many instances must, enact legislation to facilitate its operation, and to provide convenient remedies for the protection of the right established, and for the determination thereof and the regulation of claims thereto. Such legislation must be in furtherance of the purposes of the constitutional provisions, but if so, it is valid and enforceable. The last provision of section 3611 is, we think, such a law. It is regulatory, and places no unreasonable burden upon those entitled under section 1½ of article XIII of the Constitution to tax exemption. It creates no hardship to require of a property owner that he file an affidavit showing that the property claimed to be exempt is used solely

for religious worship, that it is required for the convenient use and occupation of the building upon the premises, and that the same is not rented for such purposes and rent received by the owner therefor.''

■ We are not impressed with the argument advanced by respondent to the effect that the provisions of section 3612 of the Political Code imposes an unreasonable restriction or limitation upon the exercise of the right to the exemption granted by the constitutional provision above mentioned. On the other hand, it appears to us reasonable and proper that some method should be provided by the legislature for the determination of those who may be entitled to the exemption provided for in the Constitution. It is obvious that the burden should be upon the person claiming the exemption to establish his right thereto. The method provided for under section 3612 of the Political Code is a simple one and is available to all who desire to claim the exemption provided for under the above-mentioned provision of the Constitution; in fact, it would be much easier and simpler for a person claiming such exemption to comply with the provisions of section 3612 of the Political Code than to resort to the procedure followed by respondent in this case, even if the tax collector had complied with respondent's request to accept the sum of $21.84 in full payment of the taxes due from respondent, and the latter had not been required to institute this action.

It has been uniformly held that the legislature has the power to enact statutes providing for reasonable regulation and control of rights granted under constitutional provisions. (*Bergevin* v. *Curtz*, 127 Cal. 86 [59 Pac. 312]; *Chester* v. *Hall*, *supra*; *Crescent Wharf etc. Co.* v. *Los Angeles*, 207 Cal. 430 [278 Pac. 1028]; *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696 [186 Pac. 345]; *Bancroft* v. *City of San Diego*, 120 Cal. 432 [52 Pac. 712]; *Sala* v. *City of Pasadena*, 162 Cal. 714 [124 Pac. 539]; *Potter* v. *Ames*, 43 Cal. 75.) In the case of *Bergevin* v. *Curtz*, *supra*, this court considered the effect of a statute requiring a citizen to register in order to exercise the voting franchise guaranteed by the Constitution. In discussing the power of the legislature to impose conditions on those entitled to exercise the voting franchise under the Constitution, this court said:

"We do not think the legislature, even if it attempted to do so, could add any essential to the constitutional definition of an elector. It is settled by the great weight of authority that the legislature has the power to enact reasonable provisions for the purpose of requiring persons who are electors and who desire to vote to show that they have the necessary qualifications, as by requiring registration, or requiring an affidavit or oath as to qualifications, as a condition precedent to the right of such electors to exercise the privilege of voting. Such provisions do not add to the qualifications required of electors, nor abridge the right of voting, but are only reasonable regulations for the purpose of ascertaining who are qualified electors, and to prevent persons who are not such electors from voting. These regulations must be reasonable and must not conflict with the requirements of the constitution. The legislature has required that all electors, as a condition of the right to vote, shall have their names properly and in due season entered upon the great register of the county. (Pol. Code, sec. 1094.) The section provides that in the register shall be entered the names of the qualified electors of the county, and 'that any elector who has registered and thereafter moved his residence to another precinct in the same county thirty days before an election may have his registration transferred to such other precinct upon his application'. *The legislature has made no attempt to change or add to the qualifications of an elector, but has simply provided a means whereby the elector who is entitled to vote may be known by having his name enrolled upon an authentic list.*"

In the case of *Crescent Wharf etc. Co.* v. *Los Angeles, supra,* this court had before it a case involving the right of a person whose property had been appropriated for public use to compensation for such property in accordance with the provisions of section 14 of article I of the Constitution of California. In that case it was contended by the plaintiff that its right to recover such compensation could not be abrogated by a charter provision of the city of Los Angeles requiring the presentation of a claim as a condition precedent to the commencement of an action to recover the value of the property appropriated by the ctiy. In answering this contention, this court speaking through the late Mr. Justice Seawell said:

"All that the framers of the Constitution meant to do was to protect the citizen in his ownership of property against the state or its agencies appropriating private property to public uses against the will of the owner without making just compensation for all damages which the owner should sustain by the exercise of governmental power. It was not intended to remove the subject matter beyond the operation of reasonable statutory enactments which affect property rights generally, such as the bar of the statute of limitations."

Certainly, if the legislature has the power to pass statutes providing reasonable regulations and control over the constitutional right of a citizen to vote and the constitutional right of a citizen to recover compensation for his property which has been appropriated to a public use, it should likewise have the power to enact statutory provisions providing reasonable regulations and control over the exercise of rights granted by the Constitution for the exemption of property from taxation.

In determining the reasonableness of the regulation provided for in section 3612 of the Political Code as applied to the exercise of the right of a veteran to exemption from taxation under section $1\frac{1}{4}$ of article XIII of the Constitution, let us examine the constitutional provision and ascertain to whom it applies and what property is exempted from taxation thereunder. It is obvious that the exemption therein provided for is available to veterans of a particular class, having specific qualifications as to experience, property ownership and residence, to wit: (1) He must be a resident of this state; (2) he must have served in the army, navy, marine corps or revenue marine service of the United States army in time of war; (3) he must have received an honorable discharge; and, (4) neither he nor his wife is the owner of property of the value of $5,000 or more. If such veteran falls within the classification above-outlined, he is entitled to an exemption from taxation of any property owned by him up to the value of $1,000. It is obvious that before an assessor can determine whether or not a property owner is entitled to an exemption under the above-mentioned provision of the Constitution, it is necessary to obtain sufficient information to enable him to ascertain whether or not such person comes within the classification specified therein. It

is likewise obvious that such determination and ascertainment is necessary in order to enable the assessor to make up his assessment roll and determine the value of property within the political subdivision subject to assessment and taxation. Such determination must be made not later than the first of July of each year as the assessment roll is thereupon submitted to the Board of Equalization of the respective political subdivisions and the valuation determined by such board is used as the basis for the tax rate required to raise revenue for the maintenance of the government.

It would seem to be consonant with the establishment of a sound fiscal policy to have all matters of exemption of property from taxation determined not later than July 1st of each year, and it is obvious that this can only be done by the application of a uniform regulation to those who are entitled to exemptions. The legislature undoubtedly had the foregoing considerations in mind in the adoption of section 3612 of the Political Code and similar enactments for the determination of claims for exemption of property from taxation. Such regulations, if reasonable, as those provided for under section 3612 of the Political Code, do not constitute a limitation or restriction upon the constitutional right of the person entitled to the exemption, but simply establishes a rule for the determination of whether or not the right is to be exercised or waived.

The provisions of section 3612 of the Political Code establish a uniform system throughout the state for those desiring to claim the exemption granted by the Constitution under the provisions of section $1\frac{1}{4}$ of article XIII thereof. It amply safeguards the exercise of the right of those entitled to the exemption, facilitates the operation of the system of assessment and taxation now authorized by law, and protects the public against the fraudulent claims of those not entitled to the exemption who may nevertheless assert their claim thereto. Such legislation is clearly not in contravention of the constitutional right to which it relates.

That a right to have property exempted from taxation can be waived, there can be no doubt. Even counsel for respondent in the case at bar concedes that unless appropriate legal proceedings were instituted by the exemption claimant to resist the payment of the tax or the recovery of the tax after

the same is paid within the time provided for in the statute of limitation applicable thereto, the exemption claimant would lose his right; in other words, the exemption claimant would waive his right to the exemption by failing to assert his claim in time to have his exemption noted on the assessment roll or by failing to take appropriate action thereafter within the period of time allowed by the statute for the recovery of taxes paid under protest.

It is well settled that a right granted by the Constitution may be waived by the inaction of the person entitled to exercise such right. Probably the most common example of such waiver is disclosed by those cases where a property owner whose property has been taken or damaged for public use fails to avail himself of the remedies provided for by statute to either recover the property so taken or compensation and damages for its taking. It has been repeatedly held that mere inaction on the part of the owner of such property may constitute a waiver of the right to compensation or damages guaranteed to him by section 14 of article I of the Constitution of California. (*Bigelow* v. *Ballerino,* 111 Cal. 559 [44 · Pac. 307]; *Gurnsey* v. *Northern Cal. Power Co.,* 160 Cal. 699 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *Sala* v. *City of Pasadena, supra; Yonker* v. *City of San Gabriel,* 23 Cal. App. (2d) 556 [73 Pac. (2d) 623].)

The trial court based its decision in favor of the respondent in this action upon the case of *St. John's Church* v. *County of Los Angeles,* 5 Cal. App. (2d) 235 [42 Pac. (2d) 1093], wherein it was held that a similar provision of the Constitution (sec. 1½ of art. XIII) exempting church properties from taxation was self-executing, and that no legislation was necessary to achieve its purpose, and that no legislation was permissible that would impair, limit or destroy the rights thereby granted. In the written opinion filed by the learned trial judge in overruling the demurrer in the case at bar, he said:

"On the authority of that case (*St. John's Church* v. *County of Los Angeles*) it must be held that that part of section 3612 of the Political Code which declares that failure to make the affidavit and to furnish the evidence therein required operates as a waiver of the constitutional exemption is void by reason of its being in excess of the power of the

legislature to impair or destroy the exemption granted by a self-executing provision of the Constitution.''

While it may be argued that a different rule should be applied to the legislation relating to the exemption of church property under the above-mentioned provision of the Constitution, it is our conclusion that the same rule should be applied to such legislation as that involved in the case at bar, and we therefore disapprove the holding of the District Court of Appeal in the case of *St. John's Church* v. *County of Los Angeles, supra,* to the effect that the provision in subdivision 3 of section 3611 of the Political Code that the failure on the part of the person claiming the exemption to make the affidavit mentioned therein should be deemed a waiver of such exemption is ineffective for the reason that it constitutes an attempt by the legislature to limit the exemption provided for in section $1\frac{1}{2}$ of article XIII of the Constitution.

In view of what we have said with respect to the power of the legislature to enact statutes providing for reasonable regulation and control of a constitutional right, we deem it unnecessary to devote further time in this opinion to a discussion of the St. John's Church case. We can see no reason why the same rule as to waiver of the right to exemption should not apply to church property as to any other right granted by the Constitution, and we think it is immaterial whether such waiver is the result of the failure of the exemption claimant to comply with the provisions of the statute providing such reasonable regulation or is the result of inaction on the part of such claimant.

The regulation provided for in section 3611 of the Political Code before its amendment in 1929 was held not to be unreasonable in the case of *First M. E. Church* v. *Los Angeles County, supra,* as appears from the portion of the opinion in said case hereinabove quoted. The 1929 amendment to section 3611 of the Political Code simply provides that the failure of the exemption claimant to make the affidavit required by said section constitutes a waiver of the exemption. From what we have heretofore said with reference to a similar provision contained in section 3612 of the Political Code, this amendment did not transform said section from a reasonable regulation into an invalid limitation upon the exer-

cise of the constitutional right granted by section 1½ of article XIII of the Constitution.

The basis of the decision of the District Court of Appeal in the St. John's Church case appears to be that property subject to exemption from taxation under the provisions of section 1½ of article XIII of the Constitution of California, is not subject to assessment and taxation and that any attempt to place the same on the assessment roll of a political subdivision for the purpose of assessment and taxation is abortive. In the opinion in said case, the court said:

"The basic question is whether or not the property is taxable and while reasonable regulations may be made for the making of preliminary proof and while a failure to comply therewith may subject an owner of such property to the burden of making his proof in a more inconvenient and expensive manner, through an action in court, it cannot confer an authority to tax which has been expressly withheld by the Constitution. The authority to levy such a tax thus withheld cannot be acquired by a statute providing, in effect, that if the owner does not claim the exemption before the assessment roll is completed the tax will be levied."

The inevitable result to be obtained by the line of reasoning which is the basis of the decision in the St. John's Church case must be, that if an owner of property exempt from taxation under the provisions of section 1½ of article XIII of the Constitution would fail to assert a claim of exemption for said property, and the same would be assessed and the taxes thereon become delinquent and the property sold in accordance with the law authorizing the sale of property for delinquent taxes, a purchaser at such delinquent tax sale would not acquire a valid title to the property; in other words, all proceedings in connection with the assessment, levy of taxes and sale of said property would be void. It would therefore follow that the owner of such property could ignore all proceedings instituted by public officials to have said property subjected to assessment, levy and payment of taxes, and would suffer no loss as the result of such inaction or failure to assert a claim of exemption. It is obvious that such a situation would have a detrimental effect upon the administration of the laws providing for the assessment, levy and collection of taxes, and would create a condition of uncertainty with respect to what property was

available for the purpose of taxation within the respective political subdivisions which have the power to levy and collect taxes for the maintenance of local government.

The opinion of the District Court of Appeal in the St. John's Church case does not discuss the well-settled rules that a right granted under a provision of the Constitution may be waived and that the legislature has the power to enact statutes providing for reasonable regulation and control of a right granted by the Constitution. The application of these rules to the factual situation in said case would have resulted inevitably in the reversal of the judgment rendered therein.

The judgment is reversed with directions to the trial court to enter judgment in favor of appellant denying respondent the relief prayed for in his petition.

Gibson, J., Edmonds, J., Curtis, J., Shenk, J., Waste, C. J., and Houser, J., concurred.

Rehearing denied.