[Civ. No 2724. Fourth Dist.—May 19, 1941.]

WILLIAM M. BAUMBAUGH, Respondent, v. COUNTY OF SAN DIEGO et al., Appellants.

James B. Abbey, District Attorney, and Victor C. Winnek, Deputy District Attorney, for Appellants.

Sanders & Kahn for Respondent.

Henry Jacobsen, Jr., as *Amicus Curiae*, on behalf of Respondent.

MARKS, J.—This is an appeal from a judgment ordering that a writ of mandate issue directing the county of San Diego and certain of its officers to give plaintiff the one thousand dollar exemption on his property provided for in section 1¼ of article XIII of the Constitution.

The facts are not in dispute. Plaintiff enlisted in the United States Navy on November 20, 1932. On April 19, 1934, he was released from the service under honorable conditions because of a service connected disability and on June 28, 1934, he was awarded a pension "on account of disability resulting from peace-time service".

Petitioner and his wife own property of a value less than $5,000. It consists of real estate and improvements having an assessed value of $1610, and personal property having an assessed value of $100. Petitioner took all the legal steps necessary to secure the exemption if he were entitled to it.

The sole question presented for decision is this: Is petitioner entitled to his exemption, he not having served during time of war, but having served during time of peace and having been released from the service under honorable conditions because of a service connected disability?

We are not cited to any case deciding this question. It was not presented, considered nor decided in *Kaiser* v. *Hopkins*, 6 Cal. (2d) 537 [58 Pac. (2d) 1278]. This case merely determined when the war of 1917–1918 ended. *Chesney* v. *Byram*, 15 Cal. (2d) 460 [101 Pac. (2d) 1106], merely holds that a veteran must follow the provisions of section 3612 of the Political Code in order to obtain his exemption.

Section 1¼ of article XIII of the Constitution was first adopted at an election held in 1911. The pertinent provisions then read: "The property to the amount of one thousand dollars of every resident in this state who has served in the army, navy, marine corps, or revenue marine service of

the United States in time of war, and received an honorable discharge therefrom; . . . '' was exempt from taxation, provided the veteran could meet the other requirements of the section. These provisions clearly limit the right to receive the exemption to those veterans who had served in time of war and who had received an honorable discharge from such service.

The section was amended at the election held on November 7, 1922. After such amendment the pertinent part of the section read as follows: ''The property to the amount of one thousand dollars of every resident of this state who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom or who has been released from active duty under honorable conditions, . . . '', was exempt from taxation under certain conditions. Thus the right to the exemption was extended to include those who had served in time of war and had been released from active duty under honorable conditions but who had not been honorably discharged.

This portion of the section was again amended at the election held on November 2, 1926, as follows: ''The property to the amount of one thousand dollars of every resident of this state who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom or who has been released from active duty because of disability resulting from such service in time of peace or under other honorable conditions, . . . '' was exempt from taxation under certain conditions. Thus there was included still another class, namely, those who had been released from active duty from such service because of a service connected disability during time of peace.

The section was last amended at the election held on November 8, 1932. The part important here, reads as follows: ''The property to the amount of one thousand dollars of every resident of this State who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom, or who after such service of the United States in time of war has continued in such service, or who has been released from active duty because of disability resulting from such

service in time of peace or under other honorable conditions, . . . '' was exempt from taxation under certain conditions. This amendment extended the right to the exemption to still another class, namely, those who had served in time of war and who had remained in the service.

It should be observed that the phrase which must be decisive of this appeal, ''or who has been released from active duty because of disability resulting from such service in time of peace or under other honorable conditions'' first appearing in the 1926 amendment was retained in the 1932 amendment.

It is admitted that an ambiguity exists in the phrase by reason of the use of the words, ''such service''.

Defendants maintain that the words refer to the time of service and argue that they refer back to the first portion of the section and mean service in time of war.

Plaintiff contends that the words refer to the branches of the service named in the earlier part of the section and are modified by the words, ''in time of peace'', which follow them, so that the service, the disability and the release from the service may all occur ''in time of peace''.

Defendants maintain that as the section exempts property from taxation it must be strictly construed as ''Grants of exemption from taxation cannot be allowed unless the intention to do so is expressed in direct terms or is fairly inferable from the language of the instrument by which the right is claimed.'' (*Cypress Lawn C. Assn.* v. *San Francisco*, 211 Cal. 387 [295 Pac. 813]. See, also, *Helping Hand Home* v. *San Diego County*, 26 Cal. App. (2d) 452 [79 Pac. (2d) 778].)

Were this the only guide to our conclusion we might be required to adopt the construction which defendants place upon the section. However, it seems to be well settled that when a constitutional provision is ambiguous and susceptible to two constructions ''that the courts will interpret a measure adopted by vote of the people in such manner as to give effect to the intent of the voters adopting it''. (*Kaiser* v. *Hopkins, supra.*) In *Helping Hand Home* v. *San Diego, supra*, in speaking on the same subject, it was said: ''And when confronted with the latter situation, particularly in the case of constitutional provisions, the courts may properly resort to the record of debates in legislative bodies or constitu-

tional conventions or to the arguments made to the electors in the submission of propositions for adoption, in order to ascertain which of the alternatives and admissible meanings should be ascribed to the language used. (*Story* v. *Richardson*, 186 Cal. 162 [198 Pac. 1057, 18 A. L. R. 750] ; *Yosemite Lumber Co.* v. *Industrial Acc. Com.*, 187 Cal. 774 [204 Pac. 226, 20 A. L. R. 994] ; *Pasadena University* v. *Los Angeles County*, 190 Cal. 786 [214 Pac. 868].) ''

 Plaintiff has furnished us with a copy of that portion of the pamphlet relating to this constitutional amendment which was sent to the voters for their information concerning it, from which we quote the following :

''This proposed amendment to the constitution amends the present constitutional provision relative to the exemption of property on account of military service, by adding to the present provision three new exemptions, which are as follows :

''The first includes in the $1,000 exemption in addition to the exemptions already in the law, the provision that the soldier or sailor who is incapacitated from service when the country is not at war shall have the same exemption as is already provided for the veterans of the different wars in which the United States has engaged in the past.

''This was clearly an oversight when the original constitutional amendment was adopted and should be corrected.''

The ballots furnished the voters on which to vote on the amendment contained the following :

''TAX EXEMPTION FOR VETERANS AND OTHERS, Senate Constitutional Amendment 26. Amends Section 1¼ of Article XIII of Constitution. Extends tax exemption provisions of present section to include those veterans who have been released from active duty because of disability resulting from service in time of peace, . . . ''

The instructions to voters and the proposition appearing on the ballot informed the voters of the purpose of the amendment in no uncertain terms and we must conclude that the voters in adopting the amendment intended to place upon it the construction there clearly expressed, namely, to extend the exemption to all veterans who have been released from active duty because of disability resulting from service during time of peace. This release from service and right to the exemption was not made dependent on any service

during time of war. We should carry out the intent of the voters in adopting the amendment. Therefore, plaintiff comes within the provisions of the amendment as explained to the voters who adopted it, and is entitled to his exemption.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.