[Civ. No. 14226. Second Dist., Div. Two. Dec. 28, 1943.]

CLEOTUS LUCILLE PARKER, Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Cleotus Lucille Parker in pro. per., for Appellant.

Robert W. Kenny, Attorney General, Eugene M. Elson and Bayard Rhone, Deputies Attorney General, J. H. O'Connor,

132

County Counsel, and W. B. McKesson and J. P. Wright, Deputies County Counsel, for Respondents.

MOORE, P. J.—Plaintiff is a refined gentlewoman. Having been confined in the state hospital for the insane at Patton for seven weeks after a temporary detention in the Los Angeles County General Hospital, she deemed herself to have been aggrieved and brought this action against the county of her domicile and against the sovereign State of California. Inasmuch as she had no legal counsel to represent her or to steer her through the narrow straits of the law, we have sought to determine whether out of the wilderness of words and phrases there might have been combed such declarations as would create a justiciable issue. The general demurrers to her complaint were both sustained without leave to amend. From the two judgments of dismissal following such orders she brings this appeal.

### The Facts Pleaded Are Not Sufficient

Omitting all of the confusion and extraneous matters of the pleading the only language remaining which might bear upon a cause of action for damages is as follows: that plaintiff was detained for a week in the psychopathic ward of the General Hospital; that she did not there receive proper consideration and was denied the privilege of a jury trial; that she was committed to the state hospital at Patton on May 15, 1936; that the hospital wrote to plaintiff's husband that "plaintiff was suffering from dementia praecox" and to her attorney that she "had epileptic seizures and was unquestionably paranoid"; that she underwent extreme mental suffering because of the incompetency and dishonesty of the employees of both institutions; that her health was injured; that while there she worried about her two children who were harmed in health and in character, and who endured mental suffering to her damage in the sum of $100,000 for each child; that she demands a half million dollars for herself and the possession of all records, pictures and recordings, and if these are not forthcoming, she should recover another half million dollars; that she had been unable to file suit within three years because she had been suffering a malaise induced by confinement in the state hospital and by her extreme worry and mental suffering.

Such allegations against the State or one of its sub-

divisions do not constitute a cause of action. There is no declaration that she was not insane either at the time of her detention at the General Hospital or while she was confined at Patton. It is not alleged that the proceeding was wrongful or that it was initiated or instigated by either of the defendants or by any of their agents or agencies. It follows that had there been no plea of the limitation of her action, and had it not been directed against the sovereignty, still she could not have recovered.

### The Action Was Barred Within One Year

█ In order for such an action against a county to reach the stage of a trial, within one year after the occurrence of the injury the claimant must file with the board of supervisors a detailed statement in writing setting forth the time and place, when and where it arose, the county employees at fault, the nature, extent and amount of the injury, "and all other details necessary to a full consideration of the merit and legality of such claim shall be stated in writing signed by the claimant or someone authorized by him." (Pol. Code, sec. 4075.) The presentation of such claim is necessary to enable the board of supervisors fairly to hear and consider the demand made. It is the *sine qua non* to the maintenance of an action. The statute is not only valid but the board of supervisors were powerless to waive the provisions thereof. (*Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267 [49 P.2d 320]; *Norton* v. *City of Pomona,* 5 Cal.2d 54 [53 P.2d 952]; *Walton* v. *Kern County,* 39 Cal.App.2d 32 [102 P.2d 531].) The cited authorities emphasize the principle that no action against a county can be maintained in the absence of a showing of compliance with the code provisions. Since there is no constitutional inhibition against such statute it is a valid law, applying to all alike. No claim was filed with the supervisors as provided by section 4075. Nor was any filed with the state board of control as required of those who seek to recover damages from the state.

█ The action sought to be alleged is one either for negligence in the treatment of a hospital patient or for the false imprisonment of the latter. In either event no suit may be maintained against the county thereon prior to the presentation of the claim within a year, and not later than six months after its rejection. (Sec. 342, Code Civ. Proc., sec. 4078, Pol.

Code.) █ It follows that even though plaintiff had filed her claim with the board of supervisors (sec. 4075, *supra*) within one year after her injuries, she could not have sued the county later than six months after the rejection thereof. (Sec. 4078, *supra*.) Appellant alleges that she was detained by the county on May 9, 1936, and that she was committed to the state hospital six days later. Her complaint was not filed until May 6, 1943. It follows that under no provision of the law, however liberally construed, could it be said that her action was not barred by the code sections above mentioned.

█ There is no appropriate allegation to toll the statute. Illness of any nature will not do so. (See *Kimball* v. *Pacific Gas & Electric Co.*, 220 Cal. 203, 210 [30 P.2d 39].)

### The State Cannot Be Sued

█ Insofar as the State of California is concerned, no action for negligence can be brought against the State except in compliance with sections 667 and 688 of the Political Code. Those sections were enacted in contemplation of section 6 of article 20 of the Constitution which effectually forbids the prosecution of claims against the State unless brought in compliance with statutes providing therefor. There is no attempt to comply with such statutes. (See *State* v. *Royal Consolidated Mining Co.*, 187 Cal. 343, 346 [202 P. 133].)

The judgments are affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 24, 1944.