[Civ. No. 4295.   Fourth Dist.   Aug. 28, 1952.]

INA R. GOULD, Appellant, v. EXECUTIVE POWER OF THE STATE, Respondent.

Ina R. Gould, in pro. per., Caryl Warner and Tom Sherrard for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

MUSSELL, J.—Plaintiff appeals from a judgment and order dismissing her action and quashing the summons served upon the Governor of the State of California. The "Executive Power of the State of California" is designated as the sole defendant in plaintiff's complaint, in which she attempts to state a cause of action for damages for alleged slander on the part of the State Personnel Board and claims damages for personal injuries alleged to have been inflicted upon her by unnamed employees of the defendant.

Governor Earl Warren appeared specially in the action and moved for an order quashing the summons and dismissing the action on the ground that the court had no jurisdiction over his person. The motion was granted and plaintiff appeals from the judgment and order thereupon entered. ▇ The defense of sovereign immunity from suit presents a jurisdictional question and the State of California may not be sued without its consent. (*People* v. *Superior Court*, 29 Cal.2d 754, 756, 757 [178 P.2d 1]; *McPheeters* v. *Board of Medical Examiners*, 74 Cal.App.2d 46, 49 [168 P.2d 65].)

▇ Section 16041 of the Government Code provides that a claimant may bring an action against the state where the claim is based upon an express contract for negligence, or for the taking or damaging of private property for public use, but this section does not authorize the filing of a suit against the state for alleged wrongful acts of state employees. (*Walker* v. *Department of Public Works*, 108 Cal.App. 508, 516 [291 P. 907].) ▇ Moreover, section 16044 of the Government Code requires a claimant to present his claim to the State Board of Control before suit is brought thereon and section 16047 of the same code requires the filing of an undertaking at the time of the commencement of the action in any suit against the state. There is no attempt here to comply with these provisions of the state statutes. No action for negligence can be maintained against the state except in compliance with these sections. In *Parker* v. *County of Los Angeles*, 62 Cal. App.2d 130, 134 [144 P.2d 70], in an action against the county and state for negligence and false imprisonment, it was held that an action for negligence cannot be brought

against the state except in compliance with sections 667 and 688 of the Political Code. These sections have been superseded by sections 16021, 16022, 16041 et seq. of the Government Code and the rule there stated is applicable in the instant case.

We find no error in the order and judgment. Judgment and order affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied September 19, 1952, and appellant's application for a hearing by the Supreme Court was denied October 23, 1952.