[Civ. Nos. 18433, 18509.   First Dist., Div. Two.   July 15, 1959.]

LUCIA E. VINNICOMBE et al., Appellants, v. STATE OF CALIFORNIA, Respondent; and Consolidated Appeal.

Tinning & DeLap and Breed, Robinson & Stewart for Appellants.

Robert E. Reed, Harry S. Fenton, Robert F. Carlson and Kenneth G. Nellis for Respondent.

DOOLING, J.—Appellants brought this action against the State of California to recover for consequential damage to their real property alleged to have resulted from the rerouting of a State highway. The trial court entered a summary judgment in favor of defendant on two grounds: 1. that plaintiffs had failed to furnish the undertaking required by Government Code, section 16047; 2. that the action was prematurely brought since the complaint was filed before the State Board of Control had rejected their claim presented pursuant to

Government Code, section 16041. It is clear that if we determine that either ground upon which the court acted is sound we need not consider the other.

Government Code, section 16047, provides:

"At the time of filing the complaint in any action against the State, the plaintiff shall file therewith an undertaking in such sum, but not less than five hundred dollars ($500), as a judge of the court shall fix, with two sufficient sureties, to be approved by a judge of the court. The undertaking shall be conditioned upon payment by the plaintiff of all costs incurred by the State in the suit, including a reasonable counsel fee to be fixed by the court, if plaintiff fails to recover judgment in the action."

Appellants argue: 1. that insofar as this section applies to an action to recover damages to private property for public use under article I, section 14 of the California Constitution it is unconstitutional in placing an unreasonable burden upon the enforcement of a right given to the landowner by that constitutional provision; and 2. that this provision is unconstitutional because it is unreasonably discriminatory.

On the first branch of this argument appellants point out that article I, section 14, is self-executing. (*Rose* v. *State,* 19 Cal.2d 713 [123 P.2d 505].) ██ While conceding that where the right to sue the State is granted by statute the Legislature can put such limitations upon the enforcement of the right as it sees fit (*McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46, 49 [168 P.2d 65] ; *Gould* v. *Executive Power of the State,* 112 Cal.App.2d 890 [247 P.2d 424]), they correctly point out that in the case of a self-executing constitutional provision, while the Legislature can adopt reasonable procedural requirements for the enforcement of such constitutional right, it can do nothing which would unreasonably curtail or impair it. This distinction was clearly pointed out by the court in *Bergevin* v. *Curtz,* 127 Cal. 86 [59 P. 312], in upholding the right of the Legislature to require a qualified elector under the applicable constitutional provision to register in order to be entitled to exercise his constitutional right to vote. At page 88 the court said: "We do not think the legislature, even if it attempted to do so, *could add any essential to the constitutional definition of an elector.* It is settled by the great weight of authority that the legislature has the power to enact reasonable provisions for the purpose of requiring persons who are electors and who desire to vote to show that they have the necessary qualifications, as by requiring registration,

or requiring an affidavit or oath as to qualifications, as a condition precedent to the right of such electors to exercise the privilege of voting. *Such provisions do not add to the qualifications required of electors, nor abridge the right of voting, but are only reasonable regulations* for the purpose of ascertaining who are qualified electors, and to prevent persons who are not such electors from voting. *These regulations must be reasonable and must not conflict with the requirements of the constitution.*" (Emphasis ours.)

So, as conceded by appellants, the enforcement of a constitutionally granted right may be made subject to the filing of a claim (*Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123, 126 [119 P.2d 717] ) or may be barred by a statute of limitations (*Wilson* v. *Beville*, 47 Cal.2d 852, 860-861 [306 P.2d 789] ). Similarly the requirement that a veteran in order to assert his constitutional right to a tax exemption must file an affidavit with the assessor was held constitutional in *Chesney* v. *Byram*, 15 Cal.2d 460, 463 et seq. [101 P.2d 1106], and a requirement that a citizen signing a petition for a county charter election indicate the date of his signature was upheld in *Chester* v. *Hall*, 55 Cal.App. 611, 616 [204 P. 237], although the Constitution contained no such requirement.

In the Byram case the court said (15 Cal.2d 463) : "However, it does not follow from the determination that the above-mentioned constitutional provision is self-executing, that the legislature did not have the power to enact legislation *providing reasonable regulation* for the exercise of the right to the exemption granted by the Constitution, and if section 3612 of the Political Code constitutes *such reasonable regulation and not an invalid limitation* of the right thereby granted, the power of the legislature to enact said section should be upheld." (Emphasis ours.)

In the Chester case the court stated the rule (55 Cal. App.616) : "It is clear that the constitutional provision in question is self-executing, but it does not follow that legislation may not be enacted to facilitate its operation *and place safeguards around the exercise of the rights* thereby secured *so long as the right itself is not curtailed* or its exercise *unreasonably burdened.*" (Emphasis ours.)

From these quotations we gather the rule to be that not every legislative condition imposed upon the enforcement of a right granted by a self-executing constitutional provision

is unconstitutional but that no such legislative restriction may *impair* the right or place an *unreasonable burden* on its exercise.

The question thus becomes does the requirement of an undertaking to secure the payment of costs and a reasonable attorney's fee to the state in the event the plaintiff fails to recover a judgment impair the plaintiff's remedy to enforce his constitutional right to damages or place an unreasonable burden upon him in the enforcement of that right? We have concluded that it does not.

Section 16047 applies equally to all plaintiffs who file actions for money judgments against the state. It applies to claims ''(1) on express contract, (2) for negligence, or (3) for the taking or damaging of private property for public use within the meaning of Section 14 of Article I of the Constitution.'' (Gov. Code, § 16041.) It is a reasonable provision to protect the state against the costs and expenses of defending unfounded and baseless claims against the state. If the plaintiff has a cause of action he can recover from the state his costs including the premium for this undertaking if he has paid one. (Code Civ. Proc., § 1035.) It is only in the event that he recovers no judgment, i.e., that the court determines that he had no cause of action and put the state to the needless expense of defending an unmeritorious claim against it, that he is required to pay the costs secured by the undertaking. Similar provisions have been held reasonable limitations upon the right to sue when applied to stockholder's derivative suits (*Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11 [265 P.2d 1]) and to suits to enjoin the issuance of securities to acquire public utility works (*Sacramento M.U. Dist.* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 684 [128 P.2d 529]).

Appellants' argument that the requirement of this undertaking might work a hardship on property owners whose claims were small is answered by the following from the Beyerbach case (42 Cal.2d 20) : ''Plaintiff argues that section 834 unconstitutionally discriminates against poor stockholders who are unable to furnish the required security. But if plaintiff's argument in this respect were accepted then any statute which required the payment of a fee or the furnishing of security as a prerequisite to the filing of a complaint, the issuance or levying of a writ, the procurement of a record on appeal, etc., would be unconstitutional.''

The claim that the provision of section 16047 is unreasonably discriminatory is grounded 1. on the argument that the

state has singled itself out for this requirement and made no similar provision for its political subdivisions or private corporations; and 2. that in making no similar provision for the recovery of attorney's fees as a part of the costs recoverable by plaintiffs who recover judgments against it the state has unreasonably discriminated in favor of itself and against such plaintiffs.

That the Legislature may adopt classifications for the purpose of legislation so long as there is any reasonable basis for the classification is too well settled to require discussion. The case of *Powers Farms* v. *Consolidated Irr. Dist.* cited *supra*, 19 Cal.2d 123, is directly in point. That was an inverse condemnation case in which the court passed upon the classification of irrigation districts separately from other political subdivisions for the purpose of regulating actions against such districts and the court held such classification good against a similar attack. (19 Cal.2d p. 131.)

There is more justification for putting the State of California in a class separate from its political subdivisions and private corporations than for singling out one class of political subdivisions for separate legislative treatment. The sovereign nature of the state and the multitudinous ramifications of its activities from the Oregon border to that of Mexico and from its eastern boundary to its western shores sets it apart from its more restricted subdivisions and from private corporations and justifies its separate classification. Nothing said in *Wilson* v. *Beville, supra*, 47 Cal.2d 852, would justify us in holding that the intrinsic differences between the sovereign State and other public or private parties does not fully justify the Legislature in adopting legislation of this character applicable solely to the state.

For the other argument appellants rely on *Builders Supply Depot* v. *O'Connor*, 150 Cal. 265 [88 P. 982, 119 Am.St.Rep. 193, 17 L.R.A. N.S. 909]. That case held unconstitutionally discriminatory a statute which gave successful mechanics lien claimants a right to recover attorney's fees while denying such recovery to the other party to such actions if successful and denying such right in other types of actions. The Builders Supply case has been distinguished and its application greatly restricted in later cases. (*Engebretson* v. *Gay*, 158 Cal. 30, 32 et seq. [109 P. 880, Ann.Cas. 1912A 690, 28 L.R.A. N.S. 1062]; *Sacramento M.U. Dist.* v. *Pacific Gas & Elec. Co., supra*, 20 Cal.2d 684, 696; *Beyerbach* v. *Juno Oil Co., supra*, 42 Cal.2d

11, 21-22; *City of Alturas* v. *Superior Court*, 36 Cal.App.2d 457 [97 P.2d 816].) All of these cases held, in distinguishing Builders Supply, that if there is a reasonable basis for the classification attorney's fees may be granted as part of the costs to a particular class of litigants. Enough has been said heretofore to support the classification here made.

Appellants also appeal from an order taxing costs under section 16047 Government Code. Appellants concede that if section 16047 is constitutional the order should be affirmed.

Judgment and order affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1959.