[Civ. No. 25120.   Second Dist., Div. Four.   Nov. 14, 1961.]

CHURCH OF THE BRETHREN (a Corporation), Respondent v. CITY OF PASADENA, Appellant.

[Civ. No. 25121.   Second Dist., Div. Four.   Nov. 14, 1961.]

CENTRAL CHURCH OF THE NAZARENE (a Corporation), Respondent, v. CITY OF PASADENA, Appellant.

Wendell R. Thompson, City Attorney, David E. Golay and Fred R. Metheny, Assistant City Attorneys, William L. Mock and Donald B. Hagler, Deputy City Attorneys, for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and John D. Cahill, Deputy County Counsel, as Amici Curiae on behalf of Appellant.

Roland Maxwell, Paul H. Marston, Richard W. Olson and Watson, Hart & Mieras for Respondents.

BALTHIS, J.—These two cases are here on appeal from the judgment of the lower court, declaring section 262 of the Revenue and Taxation Code to be constitutional and holding that the two church plaintiffs are each, in effect, entitled to a refund of real property taxes. Each action was for declaratory relief, and they are consolidated for purposes of appeal.

The plaintiffs owned improved real properties within the city of Pasadena upon each of which a church was located. Each plaintiff failed to file a claim for exemption from real property taxes in 1958, as required under section 254 of the Revenue and Taxation Code.

Brethren Church paid the amount of the taxes levied on its real property and then filed an application for refund, pursuant to section 262 of the Revenue and Taxation Code. Central Church did not pay the taxes levied against its property, and the property was sold for delinquent taxes to the State of California. Central Church then requested the board of directors of defendant city to waive the tax. Defendant refused to make the refund as to Brethren Church and denied the exemption as to Central Church on the grounds that such action in each case would constitute an unlawful gift of public funds. Thereupon these suits for declaratory relief were brought.

The trial court found that the property of each plaintiff would have been exempt from real property taxes for the year 1958 had plaintiffs filed claims for exemption as required by section 254 of the Revenue and Taxation Code. The court

ordered that plaintiff Brethren Church was entitled to receive a refund and that defendant redeem the property of plaintiff Central Church from the sale to the State of California.

Each of the cases here consolidated presents one basic issue for determination: Is section 262 of the Revenue and Taxation Code constitutional? Defendant maintains the section is unconstitutional. It contends that by failure to file a timely claim for exemption each church waived its right to such exemption and the city of Pasadena has thereupon acquired a "vested right" to the taxes paid or owed which the state Legislature cannot abrogate. Otherwise, says defendant, the retroactive aspect of section 262 is violative of the provisions of article IV, sections 30 and 31, of the Constitution of the State of California. An amicus curiae brief filed on behalf of the county of Los Angeles in support of the position of the defendant city of Pasadena makes substantially the same contentions. With these contentions we cannot agree.

In *Doctors General Hospital of San Jose* v. *County of Santa Clara* (1961), 188 Cal.App.2d 280 [10 Cal.Rptr. 423], the First Appellate District, Division One, had before it the question of the constitutionality of section 263 of the Revenue and Taxation Code as adopted in 1957. At the time in question the section provided that any tax for any fiscal year commencing during the calendar year 1956 on any property of a hospital, as to which the welfare exemption was available, should be cancelled as if it had been levied or charged erroneously and, if paid, refunded as if erroneously collected. Section 263 was held to be constitutional as applied to a hospital entitled to the exemption but which failed to file the required affidavit within the time allowed. Counsel for defendant County of Santa Clara argued that to grant relief under section 263 would be to confer a gift of public money which was prohibited by article IV, section 31, of the California Constitution. The court rejected this argument and reasoned that, even assuming the tax lien once effective against the hospital became a "vested right" of the taxing power, the Legislature justifiedly determined that it was for the general public welfare to relieve nonprofit hospitals from default in not filing affidavits for exemption on time.

We believe the conclusion therein reached is applicable here. The wording of section 263 of the Revenue and Taxation Code

is substantially the same as section 262 which is now before us. Also, the urgency clause in the statute adopting section 263 (Stats. 1957, ch. 7, p. 554) is similar in content to that expressed in the amendment of section 262 (Stats. 1955, ch. 6, p. 441).

Section 262 of the Revenue and Taxation Code, as amended, provides as follows: "Any tax or penalty or interest thereon for any fiscal year commencing during the calendar year 1952, 1953, 1954, 1955, 1956, 1957, 1958, or 1959 on property as to which the church exemption was available for such fiscal year shall be canceled pursuant to Article 1 (commencing with Section 4986) of Chapter 4 of Part 9 of this division as if it had been levied or charged erroneously, and, if paid, a refund thereof shall be made pursuant to Article 1 (commencing with Section 5096) of Chapter 5 of Part 9 of this division as if it had been erroneously collected."*

It is not the filing of the claim that creates the right to the *church* exemption; that right arises from article XIII, section 1½, of the California Constitution. But by virtue of section 260 of the Revenue and Taxation Code, plaintiffs waived that right of exemption when they failed to file their claims. Section 260 expressly states that failure to follow the required procedure constitutes a waiver of exemption. In *Chesney* v. *Byram*, 15 Cal.2d 460 [101 P.2d 1106], the Supreme Court held that the failure of a veteran to file his claim for exemption on time constituted a waiver by him of his right to such exemption. The court there reasoned that, notwithstanding the fact article XIII, section 1¼, of the California Constitution (veteran's exemption) is self-executing, the Legislature had the power to enact legislation providing reasonable regulations for the exercise of the right to the exemptions granted therein. The waiver provision was such a reasonable regulation.

---

*The urgency clause set forth in section 2 [p. 442] of the 1955 statute reads as follows:

"Some churches have inadvertently failed to file the required affidavit in support of the tax exemption of their property which is granted by the State Constitution, and as a result now are confronted with obligations which, if met, will substantially impair their ability to function effectively. This act will remedy the situation by, *in effect, removing the procedural bar* to the application of the exemption to such property. In doing so, the public policy of the State as expressed in the Constitution will be entirely fulfilled and the State as a whole will benefit." (Italics ours.)

Upon the occurrence of the waiver, defendant argues that the city of Pasadena acquired a "vested right" to the taxes paid or owed which the Legislature cannot abrogate. The contention is that very nearly one year after the city allegedly became vested with the right to the tax moneys collected by or owing to it from plaintiffs, the act to amend section 262 became effective and purported to afford the churches here involved the opportunity to obtain a refund or remission of the taxes assessed against their respective properties.

Defendant cites various cases in support of its contention that a statute may not operate retroactively so as to affect vested rights. However, none of these cases deals with the situation we have here where the constitution itself grants the exemption. Article XIII, section 1½, provides in part as follows:

"All buildings and equipment, and so much of the real property on which they are situated as may be required for the convenient use and occupation of said buildings, when the same are used solely and exclusively for religious worship, . . . *shall be free from taxation*; . . ." (Italics added.) This constitutional provision categorically exempts such church property from taxation.

The cases here, dealing with section 262 (church exemption), present a much stronger argument for constitutionality than the *Doctors General Hospital* case, *supra*, dealing with section 263 (hospital exemption).

The exemption of churches is established and granted by the Constitution (art. XIII, § 1½), while the exemption of the hospitals is established by the Legislature under the permissive clause of article XIII, section 1c, which provides in part:

". . . the Legislature *may exempt* from taxation all or any portion of property used exclusively for . . . hospital . . . purposes. . . ." (Italics added.)

Where the exemption is given by the Constitution itself and is self-executing, there is a waiver by failure to follow the required procedure in filing the claim for exemption (Rev. & Tax. Code, §§ 254, 260); (see *Chesney* v. *Byram*, 15 Cal.2d 460 [101 P.2d 1106]), and the taxing body does acquire a right to the tax lien or the taxes collected. However, this does not preclude later legislative action with respect to the waiver.

▋ The Legislature, having itself provided for the waiver for failure to file a claim, may later excuse the failure to file and grant an additional time in which the church may claim the exemption given by the Constitution. What the Legislature is doing is only withdrawing a procedural bar to exemption and by such legislation (§ 262) it is carrying out and making effective what the Constitution itself provides, to wit, that church property "shall be free from taxation."

▋ Even assuming that we were to hold that the tax liens here were "vested" property rights of the taxing power, we are of the opinion that this fact would not make the cancellation of the taxes an unconstitutional gift of public moneys in violation of article IV, section 31, of the California Constitution. (*Doctors General Hospital of San Jose* v. *County of Santa Clara* (1961), 188 Cal.App.2d 280 [10 Cal.Rptr. 423].) The exemption of churches is not only a well-recognized public purpose but is expressly provided for in the Constitution of this state. Furthermore, the Legislature has declared that by removing the procedural bar to the application of the exemption to such property, the public policy of the state as expressed in the Constitution will be fulfilled and the state as a whole will benefit. ▋ It is well settled that the courts will not disturb a legislative determination of what constitutes a public purpose as long as it has a reasonable basis. (*Doctors General Hospital of San Jose* v. *County of Santa Clara* (1961), 188 Cal.App.2d 280 [10 Cal.Rptr. 423].) ▋ Undoubtedly, the Legislature in the first instance could have refrained from enacting section 260 of the Revenue and Taxation Code, thus allowing the churches to assert the claim of exemption without regulation. Hence, there is no reason why the Legislature could not dispense retroactively with the procedural requirement of this section. Therefore, in so doing, there was no unlawful gift of public money or thing of value. (See Op. Leg. Counsel, 1959, A.J. 2793.)

▋ Defendant city of Pasadena contends that as it is a distinct legal entity operating under a charter with home rule power and as it is not a subdivision of the state, the Legislature has no power to refund taxes as to which the city's rights have vested. The city of San Jose made a similar contention in the *Doctors General Hospital* case, *supra*, and this was effectively answered by the court as follows:

"The constitutional grant to the Legislature to exempt hospitals from taxation is not limited to state and county

taxes. It includes all taxes. . . . As to the right of the Legislature to retroactively set aside a procedural requirement, everything we heretofore have stated (except the statement as to the county being a subdivision of the state) applies to chartered cities.'' [188 Cal.App.2d 280, p. 289.]

In the cases before us it could be added that the freedom from taxation guaranteed to churches by the Constitution applies to all taxes, both by counties and by charter cities.

■ Another argument of defendant is that the effect of section 262 of the Revenue and Taxation Code is to relieve respondents from the obligation of filing the affidavit wherein facts are required to be asserted showing qualification for exemption, thereby affording greater relief to the churches in question than they would have enjoyed had they properly filed their claims of exemption. Suffice it to say that here the trial court found that the property of each plaintiff would have been exempt had it filed the required claim; and, the wording of section 262 expressly states that it applies to ''property as to which the church exemption was available for such fiscal year. . . .'' This does not create new rights in plaintiffs.

■ Finally, we must consider defendant's contention that the retroactive aspect of section 262, Revenue and Taxation Code, is violative of the provisions of article IV, section 30, of the Constitution of the State of California, which prohibits the Legislature and other governmental entities from appropriating, paying or granting aid to any church from any public fund. The practical effect of section 262 in this respect is to regard the levy, charge or collection *erroneous.* As such, the refund of the tax is not an appropriation, payment or grant of aid from a ''public fund.'' It may be considered to be a return of money or property belonging to the church. Where article XIII, section 1½ is concerned, the granting of additional time to claim the exemption cannot be said to be a grant of aid from a public fund.

What we have said here, and the interpretation which we have applied, is particularly applicable in light of what was said in *Fellowship of Humanity* v. *County of Alameda,* 153 Cal.App.2d 673 [315 P.2d 394]. ■ At page 696, the court pointed out:

''. . . while the very universality of the practice of exempting church property from taxation may not be a conclusive test of constitutionality, it *certainly* is a sound reason for

courts to be extremely reluctant to take any steps to disturb such a practice.''

It is our opinion that to hold section 262 of the Revenue and Taxation Code unconstitutional would be a step in the direction of disturbing the practice of exempting church property from taxation, and would itself be inconsistent with article XIII, section 1½, of the Constitution of this state.

The judgments of the trial court are affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1962.