### MASSACHUSETTS GENERAL HOSPITAL v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 12, 1901.)

#### No. 383.

CUSTOMS DUTIES—EXEMPTIONS—SURGICAL INSTRUMENTS FOR HOSPITAL.
 A hospital, with incidental educational features, such as the training of nurses and the instruction of medical students, is not an "institution incorporated or established solely for * * * educational * * * purposes," nor a "college, academy, school, or seminary of learning," within the meaning of paragraph 638 of the tariff act of 1897; and

surgical instruments or appliances imported by such a hospital for its use are not entitled to admission free of duty under said paragraph.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Thomas Hunt (Gaston, Snow & Saltonstall, on the brief), for appellant.

William H. Garland, Asst. U. S. Atty. (Henry P. Moulton, U. S. Atty., on the brief), for the United States.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

ALDRICH, District Judge. We are of opinion that the decree of the circuit court should be affirmed. 95 Fed. 973. The only question presented is whether the Massachusetts General Hospital, with an incidental educational feature, is within the exemption covered by paragraph 638 of the tariff act of July 24, 1897. It is a familiar rule of statutory construction that where, from the history and the context, legislative intent is clear, words may be restricted or expanded to effectuate such intent; but there is nothing in the history or phraseology of the statute in question calling for such rule of interpretation. The words employed are of common use, and should therefore be accepted in their natural and ordinary sense. The language employed in the first part of the paragraph in respect to exemptions is very broad,—"any society or institution." Such designation is quite broad enough to cover both hospitals and colleges; but the language is at once expressly and clearly limited by what follows,—"incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts." It was evidently the purpose of this part of the paragraph, without regard to name, to include any institution whose sole purpose is of a certain kind; and the scope of the exemption clause is to be ascertained by reference to the purpose of the institution and to what it does.

But in the other part of the paragraph, which immediately follows, the institutions to be exempted are designated by name, without making the sole purpose any part of the designation. It seems apparent that, congress having used, in the first part of the paragraph, language broad enough to cover hospitals, and then having drawn the line against institutions whose sole purpose was not of the kind described, if it had intended to include hospitals in that part of the exemption wherein institutions are designated by name, it would have named hospitals, as well as colleges, academies, schools, or seminaries of learning. In other words, it is not reasonable to suppose that congress excluded hospitals under the restriction in respect to sole purpose, and intended to include hospitals by implication under either the name of a college, academy, school, or seminary of learning. Under the first part of the paragraph any incorporated or established institution or society, without regard to name, whose sole purpose was that designated by the statute as religious, philosophical, educational, scientific, or literary instruction, is clearly enough exempted.

This form of expression was doubtless used for the reason that there might be a society or institution not strictly a college, academy, school, or seminary of learning by name, whose sole and exclusive purpose was instruction either in the religious, philosophical, educational, scientific, or literary line, or for the encouragement of the fine arts. In the second part of the paragraph, the institutions exempted and designated by name are such as are commonly accepted and known as colleges, academies, schools, and seminaries of learning, though their sole and exclusive purpose may not be strictly and exclusively religious, philosophical, educational, scientific, or literary. In one part the institution is ascertained by reference to its sole and exclusive purpose, in the other part by reference to a name, used in the ordinary and commonly accepted sense, and neither includes a general hospital which has, as an incident to its main purpose and usefulness, an educational feature. In other words, the exemption under the first part of this paragraph has reference to the sole object and the sole purpose, while under the second part it has reference to the name of the institution.

Without straining words beyond their ordinary meaning, it cannot be held that congress, having limited its broad expression—that of "any institution or society"—by the idea that the purpose must be solely and exclusively of a certain kind, intended to include by implication in what followed, where the idea of exclusiveness is omitted, institutions not designated by name. Reading the two parts of the paragraph together, it is clear, if congress had intended to include hospitals, without regard to the question whether their sole or incidental purpose was educational or scientific, that hospitals would have been designated by name, as well as colleges, for the reason that, in the ordinary acceptation of the term, a hospital is not known as a college, academy, school, or seminary of learning.

The decree of the circuit court is affirmed.