[L. A. No. 19076. In Bank. Nov. 21, 1944.]

LUTHERAN HOSPITAL SOCIETY OF SOUTHERN CALIFORNIA (a Corporation), Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Musick, Burrell & Pinney, Howard Burrell, Anson B. Jackson, Jr., Philip C. Jones and Eugene M. Elson for Appellant.

J. H. O'Connor, County Counsel, Gordon Boller, Deputy County Counsel, Ray L. Chesebro, City Attorney, and Louis Babior, Deputy City Attorney, for Respondents.

SHENK, J.—The plaintiff sued to recover $685.01 paid under protest as taxes levied on its School of Nursing property for the period July 1, 1942, to June 30, 1943. It claimed exemption pursuant to article XIII, section 1a, of the state Constitution. Judgment was for the defendants and the plaintiff appealed.

The provision of the Constitution invoked by the plaintiff reads: ''Any educational institution of collegiate grade, within the State of California, not conducted for profit, shall hold exempt from taxation its buildings and equipment, its grounds within which its buildings are located, not exceeding

one hundred acres in area, its securities and income used exclusively for the purpose of education."

Section 203 of the Revenue and Taxation Code defines an educational institution of collegiate grade as "an institution incorporated as a college or seminary of learning under the laws of this State, which requires for regular admission the completion of a four-year high school course or its equivalent, and confers upon its graduates at least one academic or professional degree, based on a course of at least four years in liberal arts and sciences, or on a course of at least three years in professional studies, such as law, theology, education, medicine, dentistry, engineering, veterinary medicine, pharmacy, architecture, fine arts, commerce, or journalism."

The trial court found and concluded that the property involved was not held by an educational institution of collegiate grade as contemplated by the Constitution and the statute. The question is whether the finding and conclusion are supported by the record.

Lutheran Hospital Society of Southern California, also known and referred to as California Hospital, is incorporated under the laws of this state, and its properties are located in the county of Los Angeles. In connection with its hospital activities it owns the School of Nursing of the California Hospital, and conducts it in affiliation with the University of Southern California. Neither the hospital nor the school is conducted for profit. The School of Nursing, originally organized in 1888, was discontinued in 1933. It was reopened in 1941 because of a lack of nurses available for hospital service in Southern California. It is conducted in Larson Hall, a portion of the hospital properties located in the city of Los Angeles. Larson Hall contains four stories and a basement. Classes for student nurses are given in three of the rooms. Other rooms are assigned as offices, library, recreational, and dormitory for students and faculty. Students entered in the nursing courses are required to reside in the hall so as to be available for hospital service.

Application blanks for entry to the School of Nursing are obtained from the University of Southern California, filed with the School of Nursing, and the selection of applicants is made on the basis of personal and educational qualifications. Separate registration and tuition fees are paid to the university and to the School of Nursing. The students do not pay for room or board while residing at Larson Hall.

Room and board are considered as compensation for service to the hospital while students are in training. Occasionally for convenience certain of the university classes may be conducted at Larson Hall. Seventy-one aspirants comprised the student body at the time of trial of this action. At the successful completion of their courses of study and hospital training service the graduates receive from the School of Nursing a Certificate in Nursing, and from the University of Southern California a Bachelor of Science degree.

It is deemed unnecessary to consider the questions whether the plaintiff has waived the exemption for the period designated, whether nursing is a learned profession, and therefore college grade study, or what proportion, if any, of Larson Hall might come under such exemption, since it must be concluded that in any event the evidence otherwise supports the trial court's finding and conclusion that the plaintiff does not come within the constitutional exemption.

By the adoption of said section 1a of article XIII of the Constitution in 1914 an exemption of property held by "any educational institution of collegiate grade" and "used exclusively for the purposes of education" was provided for. The section did not define an educational institution of collegiate grade, but the Legislature supplied the omission by appropriate definition.

Section 13 of the same article of the Constitution authorizes the Legislature to pass all laws necessary to carry out the provisions of that article and this court has recognized the propriety of reasonable regulations in the determination of a constitutional right of exemption from taxation. (*Chesney* v. *Byram,* 15 Cal.2d 460 [101 P.2d 1106].) The Legislature has provided, as pointed out, that an educational institution to be exempt must be "incorporated as a college or seminary of learning" and "confer upon its graduates at least one academic or professional degree."

By its amended articles of incorporation the plaintiff is incorporated primarily to "establish, maintain, conduct and operate hospitals, sanitaria, asylums, rest or retirement homes, maternity houses, dispensaries, clinics," etc., "for the care and treatment of the sick"; and "to the extent permitted by law to conduct, give and furnish courses of instruction in nursing . . . in connection with the operation of a hospital . . ., to confer degrees and to issue certificates and diplomas evidencing the completion of courses of instruction, and in

connection with the foregoing to establish, own, maintain, conduct and operate nurses' homes, training schools, classrooms and quarters suitable for the furnishing of courses of instruction and the care and maintenance of students.'' It thus appears that the plaintiff is incorporated as a hospital and not as a college or seminary of learning. It does not in fact confer a degree. The degree of Bachelor of Science is conferred by the University of Southern California and not by the hospital corporation. We therefore have an incorporated institution of collegiate grade, the university, conferring the academic degree, while the property sought to be exempted is owned and held by an institution incorporated as a hospital, and not as a college or seminary of learning; nor does it confer a degree as required by law.

The law on the subject as incorporated in the Constitution and statute is reasonably clear and would seem to need no interpretation. (See *Ross* v. *City of Long Beach,* 24 Cal.App. 2d 258, 262 [148 P.2d 649].) In *Pasadena University* v. *Los Angeles County,* 190 Cal. 786, 789 [214 P. 868], this court, reading the language in its natural and ordinary sense, held that ''the Constitution exemption is granted to an institution of collegiate grade as a whole and not otherwise.'' (See *Estate of Pence,* 117 Cal.App. 323, 329 [4 P.2d 202]; vol. 7, Words and Phrases, p. 627.) The definition of an ''educational institution of collegiate grade'' as provided by the legislative enactment is in harmony with the constitutional exemption as declared in the Pasadena University case. It does not unduly limit or extend the exemption as applied to an ''educational institution.''

It may not therefore be said that the Legislature has exceeded its power in supplying a definition which would exclude a school of nursing when, as here, it is conducted as an incident to hospital operations. In *Massachusetts General Hospital* v. *United States,* 112 F. 670, 671 [50 C.C.A. 417], it was pointed out that if it had been intended to include in the exemption any institutions other than those designated, the intention could readily have been disclosed. Under our Constitution, as under the Massachusetts provision, the words ''educational institution,'' used in the ordinary and commonly accepted sense, do not include a general hospital which has, as an incident to its main purpose and usefulness, an educational feature. Furthermore, it is apparent that in the ordinary acceptation of the term, a hospital is not considered as

an "educational institution of collegiate grade" or as a "college or seminary of learning." In this field of legislation the Legislature may well have concluded that the training of women as nurses is mainly in connection with and for the benefit of the hospital (see article 2, ch. 6, div. II of the Business and Professions Code), and that the property used for such purposes is entitled only to the classification accorded general hospital property devoted to nonprofit or charitable uses. The record indicates that upon application to the Board of Equalization and a presentation of facts showing its use exclusively for charitable and nonprofit purposes, the plaintiff received a 50 per cent reduction in the assessed valuation of all of its property including Larson Hall. Total exemption of the property of such institutions was rejected by the electors of the state in November, 1930, when it was proposed to add section 1⅝ to article XIII of the Constitution to accomplish that purpose. However, at the November, 1944, election, proposed section 1c of article XIII was added, making it permissive for the Legislature to exempt all or a portion of the properties of nonprofit hospital corporations. That section is, of course, prospective only.

The plaintiff invokes language approved by this court in *Mitchell* v. *Whittier College,* 205 Cal. 744, at 747-748 [272 P. 748], to the effect that "college" means growth and must conform to the changing conditions of each generation and the requirements of the times which it serves. However, that language bears on the question whether the study of nursing is college grade work and does not alone resolve the problem whether the plaintiff as an "institution" qualifies under the constitutional exemption. There is nothing in the history or policy of exemptions from taxation granted to colleges, seminaries of learning, public schools, and the like, which would justify a departure from this court's application of the law in the case of *Pasadena University* v. *Los Angeles County, supra.*

It necessarily follows that the trial court should be sustained in its finding and conclusion that the plaintiff was not at the time the tax here involved was imposed an educational institution within the meaning of the Constitution and the statute.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.