BEFORE THE FIRST DIVISION, FEBRUARY 11, 1964

No. 68308.—Gerstner & Statt v. United States, protest 61/15576 (Rochester).

OLIVER, Chief Judge: This protest relates to a religious statue, made of marble, that was imported in May 1960 at the port of Rochester, N.Y. It was classified under the provision in paragraph 232(d) of the Tariff Act of 1930, as modified by T.D. 54108, for articles in chief value of marble, not specially provided for, carrying a dutiable assessment at the rate of 21 per centum ad valorem. Plaintiff claims free entry for the merchandise under paragraph 1774 of the Tariff Act of 1930, as amended (91 Treas. Dec. 306, T.D. 54169, 70 Stat. 1066), effective August 6, 1956, which reads as follows:

Altars, pulpits, communion tables, baptismal fonts, shrines, mosaics, or parts of any of the foregoing, and statuary (except casts of plaster of paris, or of compositions of paper or papier-mache), imported in good faith for the use of, either by order of or for presentation (without charge) to, any corporation or association organized and operated exclusively for religious purposes.

Plaintiff's uncontradicted evidence shows that a fraternal organization of Catholic laymen offered to present a religious statue, without charge, to the Diocese of Rochester; that the statue was accepted by the Bishop of Rochester; that, upon its arrival, the statue was erected as part of a shrine on the hospital grounds of St. Mary's Hospital in Rochester; and that placement of the statue was made pursuant to the acceptance by, and with the approval of, the administrator of the hospital.

For plaintiff to sustain its claim under amended paragraph 1774, supra, it was necessary to establish that the corporation or association, i.e., St. Mary's

Hospital of Rochester, that received the statue in question is "organized and operated *exclusively* for religious purposes." [Italics supplied.] . *F. Pustet Co.,. Inc.* v. *United States,* 64 Treas. Dec. 352, T.D. 46667; *Benziger Brothers* v. *United States,* 7 Treas. Dec. 908, T.D. 25357; *Massachusetts General Hospital* v. *United States* (112 Fed. 670).

The record herein does not support plaintiff's claim. The uncontradicted testimony shows that the hospital under discussion conducts a training school for nurses; that it maintains "probably 300 beds" and employs a great many doctors (R. 11); and that, occasionally, religious services are held on the hospital grounds at the shrine, of which the statue in question is a part. In other words, the hospital is mainly or principally an educational and medical institution and is not within the class or kind of organizations or associations contemplated by amended paragraph 1774, *supra.* It, therefore, follows that the merchandise in question is not entitled to free entry thereunder, and we so hold.

Although plaintiff's protest claims free entry for the present merchandise under paragraph 1774 of the Tariff Act of 1930, as amended, *supra,* counsel, in his brief, relies on paragraph 1774, as amended by Public Law 87–604 (97 Treas. Dec. 661, T.D. 55750), which, so far as pertinent, reads as follows:

Altars, pulpits, communion tables, baptismal fonts, shrines, mosaics, iconastases, or parts * * * imported in good faith for the use of, either by order of, or for presentation (without charge) to, any corporation or association organized and operated for religious purposes, including cemeteries, schools, hospitals, orphanages, and similar nonprofit activities staffed and controlled by such corporation or association.

The immediately foregoing amended paragraph 1774 was approved on August 24, 1962, and became operative 30 days thereafter, or on September 23, 1962. Since the statue in question was entered in May 1960, more than 2 years before said amended paragraph 1774 became operative, the provisions of the said amended paragraph 1774 cannot be considered in determining the classification of the present merchandise.

For all of the reasons hereinabove set forth, the protest is overruled and judgment will be rendered accordingly.